# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

---

| | |
|---|---|
| UMB BANK, N.A., as Plan Trustee of **The Limited Creditors' Liquidating Trust,** | Case No. 9:19-cv-80074 |
| Plaintiff, | |
| v. | District Judge Rosenberg |
| | Magistrate Judge Reinhart |
| SUN CAPITAL PARTNERS V, LP;<br>SUN MOD FASHIONS IV, LLC;<br>SUN MOD FASHIONS V, LLC; and<br>H.I.G. SUN PARTNERS, LLC | |
| Defendants. | |

---

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' JOINT MOTION TO TRANSFER VENUE

---

Kenneth Dante Murena
Florida Bar No. 147486
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
T: (305) 371-3960
F: (305) 371-3965

Eric D. Madden (*pro hac vice*)
Michael J. Yoder (*pro hac vice*)
Gregory S. Schwegmann (*pro hac vice*)
REID COLLINS & TSAI LLP
1601 Elm Street, 42nd Floor
Dallas, Texas 75201
T: (214) 420-8900
F: (214) 420-8909

*Counsel to UMB Bank, National Association, as Plan Trustee of*
*The Limited Creditors' Liquidating Trust*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ........................................................................................................................ 3

   A.  SUMMARY OF THE TRUSTEE'S CLAIMS ................................................................ 3

   B.  THE LIMITED'S INEVITABLE COLLAPSE .............................................................. 3

   C.  THE LIMITED BANKRUPTCY AND FORMATION OF THE TRUST ....................... 4

   D.  PARTIES TO THIS ACTION ........................................................................................ 5

ARGUMENT ............................................................................................................................. 6

   A.  DEFENDANTS MUST SHOW THAT A TRANSFER WOULD SERVE THE
       "INTEREST OF JUSTICE" OR "CONVENIENCE OF THE PARTIES" ...................... 6

   B.  A TRANSFER WOULD NOT SERVE THE "INTERESTS OF JUSTICE" ................. 8

     1.  The Court Should Defer to Plaintiff's Choice of Forum ................................. 8

     2.  The Remaining "Justice" Factors Do Note Favor a Transfer ........................ 11

     3.  Considerations of Judicial Efficiency Do Not Favor a Transfer .................... 13

   C.  DEFENDANTS ALSO FAIL TO SATISFY THEIR BURDEN ON THE
       "CONVENIENCE" FACTORS .................................................................................... 18

CONCLUSION ........................................................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A.B. Real Estate, Inc., v. Bruno's Inc. (In re Bruno's, Inc.)*
  227 B.R. 311 (Bankr. N.D. Ala. 1998) ............................................................................ passim

*Alexander v. The Steel Law Firm, P.C. (In re Terry Mfg. Co. Inc.)*
  323 B.R. 507 (Bankr. M.D. Ala. 2005).................................................................................. 16

*Burns v. Grupo Mexico S.A. de C.V.*
  No. 07 CIV. 3496 (WHP), 2007 WL 4046762 (S.D.N.Y. Nov. 16, 2007).............................. 15

*Campbell v. Williams*
  No. 1:14-CV-097, 2015 WL 3657627 (S.D. Tex. June 12, 2015)........................................... 16

*CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*
  396 B.R. 602 (S.D.N.Y. 2008)................................................................................................ 11

*Commonwealth of P.R. v. Commonwealth Oil Ref. Co., Inc.*
  *(In re Commonwealth Oil Ref. Co., Inc.)*
  596 F.2d 1239 (5th Cir. 1979) ............................................................................................... 16

*Ferens v. John Deere Co.*
  494 U.S. 516 (1990).................................................................................................................. 9

*First Bank of Dalton v. Manton Family P'ship, LLP (In re Manton)*
  585 B.R. 630 (Bankr. N.D. Ga. 2018) ..................................................................................... 6

*FTI Consulting, Inc. v. Merit Mgmt. Grp., LP*
  No. 11 CV 7670, 2014 WL 3858365 (N.D. Ill. Aug. 5, 2014) ........................................... 9, 14

*Giuliano v. CDSI I Holding Co.*
  No. 13-2776, 2014 WL 1032704 (E.D. Pa. Mar. 17, 2014) ................................................... 16

*Gulf States Exploration Co. v. Manville Forest Prods. Corp.*
  *(In re Manville Forest Prods. Corp.)*
  896 F.2d 1384 (2d Cir. 1990).................................................................................................. 16

*Holmes v. Grubman (In re Holmes)*
  306 B.R. 11 (Bankr. M.D. Ga. 2004)........................................................................................ 6

*Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*
  417 F.3d 953 (8th Cir. 2005) ................................................................................................. 17

*Klein v. The Bd. of Trs. of the Cal. State Univ. (In re Moriarty)*
  No. 12-22878-MLB, 2014 WL 6623005 (Bankr. C.D. Cal. Nov. 20, 2014)..................... 12, 14

*La Seguridad v. Tansytur Line*
    707 F.2d 1304 (11th Cir. 1983) ............................................................................. 10

*Morrissey v. Subaru of America, Inc.*
    No. 1:15-CV-21106, 2015 WL 9583278 (S.D. Fla. Dec. 31, 2015) ........................................ 10

*Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*
    277 B.R. 5 (S.D.N.Y. 2002) .................................................................................. 16

*Robinson v. Giarmarco & Bill, P.C.*
    74 F.3d 253 (11th Cir. 1996) ................................................................................. 8

*Smartmatic USA Corp. v. Dominion Voting Systems Corp.*
    No. 13 CIV. 5349 KBF, 2013 WL 5798986 (S.D.N.Y. Oct. 22, 2013) ................................ 15

*Taca Int'l Airlines, S.A. v. Pan Am World Airways, Inc. (In re Pan Am Corp.)*
    177 B.R. 1014 (Bankr. S.D. Fla. 1995) .................................................................... 7

*Unico Holdings, Inc. v. Nutramax Prods., Inc.*
    264 B.R. 779 (Bankr. S.D. Fla. 2001) ............................................................... 7, 13

*United States v. Cinemark USA, Inc.*
    66 F. Supp. 2d 881 (N.D. Ohio 1999) ...................................................................... 9

Plaintiff, UMB Bank, National Association (the "<u>Trustee</u>"), in its capacity as the Plan Trustee of The Limited Creditors' Liquidating Trust (the "<u>Trust</u>"), submits this response to the Motion to Transfer Venue filed by Defendants Sun Capital Partners V, LP, Sun Mod Fashions IV, LLC, Sun Mod Fashions V, LLC, and H.I.G. Sun Partners, LLC ("<u>Defendants</u>"), and respectfully states as follows.

## <u>INTRODUCTION</u>

Defendants have not moved to transfer this case to Delaware out of any concern for the "convenience of the parties" or any identifiable "interest of justice." Indeed, this is their home court—*i.e.*, Defendants are headquartered in this District. Defendants also fail to identify any facts that reasonably support their conclusion that the interests of justice—such as a more efficient resolution of this dispute—require a transfer. Nevertheless, in a transparent attempt to forum shop, Defendants seek to move this case out of their own backyard to a jurisdiction hundreds of miles away. This Court should not sanction their blatant and improper attempt to cause delay and gain a perceived litigation advantage.

Because a transfer to Delaware is not in the interest of justice or more convenient for anyone, Defendants advance arguments based upon gross mischaracterizations of the law and irrelevant facts. When such facts are disregarded and the law is properly applied, Defendants' motion boils down to a single fact: this case—a fraudulent transfer action brought by a post-confirmation liquidation trustee—arises under the Bankruptcy Code. Although the Trustee acknowledges that filing a claim that arises under chapter 5 of the Bankruptcy Code outside of the home bankruptcy court is relatively rare, doing so is not improper, inconvenient, or necessarily inefficient. And it certainly does not necessitate a transfer. This fact—the sole factor that could conceivably support transferring this case—does not satisfy Defendants' burden. In stark contrast

to the cases that Defendants cite in support of their motion, this case (1) was ***not*** filed by the debtor or a chapter 11 or chapter 7 bankruptcy trustee; (2) is ***not*** governed by the substantive law of the transferee state; (3) does ***not*** include a single resident of the transferee state as a party or a witness; (4) does ***not*** involve any substantive issues currently pending before the transferee court; and (5) is ***not*** related to any case pending before the transferee court.

Rather, this case was filed by a liquidation trustee, located in Missouri (not Delaware), against Defendants in their home district. This case was also filed after the confirmation of a plan that granted the Trustee broad powers and authority to administer the estate for the benefit of the creditors without the need for further approval by the bankruptcy court. The Trustee, who is now responsible for administering the estate, chose to file this case in this district and Defendants have not identified any evidence that transferring *this* case to Delaware would benefit the estate or otherwise allow the Trustee to more cheaply or easily administer it. When presented with similar facts, courts generally deny motions to transfer the case out of the District in which the defendants reside. Moreover, here the bankruptcy judge presiding over the debtors' bankruptcy case is retiring in August. Thus, any minor efficiencies that might otherwise be gained through a passing familiarity with general facts about the debtors' bankruptcy proceedings would be lost before Defendants' motion to dismiss could even be decided. Put simply, in this case, there are no efficiencies, judicial or otherwise, to be gained by a transfer. For each of these reasons and those described herein, the Trustee respectfully requests that the Court grant deference to the Trustee's choice of forum and deny Defendants' motion to transfer.

## BACKGROUND

### A.    SUMMARY OF THE TRUSTEE'S CLAIMS

The Trustee is the bankruptcy plan representative of the claims, including chapter 5 claims, of the bankruptcy estate of various Debtors that owned or operated a women's apparel brand, The Limited.[1] (Original Complaint, D.E. 1 ("Complaint") ¶¶ 6–11). The Trustee's claims against Defendants arise out of an over $42 million dividend recap transaction whereby Defendants extracted all the remaining value out of the Debtors, rendered them insolvent, and doomed them to failure. (*Id.* ¶ 1). Through this action, the Trustee seeks to avoid and recover the transfers received by Defendants through this transaction as fraudulent under 11 U.S.C. §§ 544 and 550 and applicable state law. (*Id.* ¶¶ 58–73).

### B.    THE LIMITED'S INEVITABLE COLLAPSE

The Limited peaked in the late 1980's and went into a fifteen-year downward spiral of continuous losses and store closings beginning in the 1990's. (*Id.* ¶¶ 21–25). Sun Capital Partners, Inc. ("Sun Capital"), a private equity firm, effectively acquired a 100% interest in the Debtors and The Limited business by mid-2010 after parking $50 million as a capital contribution in 2007 and then taking that money back out through a distribution in February 2010. (*Id.* ¶¶ 1, 3, 27-31, & 34). By June 2010, "Sun Capital effectively had no skin in the game" yet still maintained 100% ownership of the Debtors. (*Id.* ¶ 30).

By 2011, Sun Capital knew that The Limited had no real future due to its dismal past and the evolving marketplace, as retail shoppers left brick-and-mortar stores in droves in favor of online retailers. (*Id.* ¶¶ 34–38). Thus, Sun Capital and its hand-picked management developed a

---

[1] The relevant debtors are LSC Wind Down, LLC (f/k/a Limited Stores Company, LLC), LS Wind Down, LLC (f/k/a Limited Stores, LLC), and TLSGC Wind Down, LLC (f/k/a The Limited Stores GC, LLC) (collectively, the "Debtors").

scheme to suck all value out of the company by scrounging up available cash and borrowing money in order to transfer over $42 million (the "Transfer") to Sun Capital. (*Id.* ¶¶ 39–43). The Transfer was sent from a Florida bank account to the Florida bank accounts of Florida-based entities.[2]

The Transfer rendered the Debtors insolvent and doomed them to fail. (*Id.* ¶¶ 44–57). The Debtors received absolutely nothing in exchange, except suffocating debt obligations. (*Id.* ¶ 64). Ultimately, the Debtors filed for bankruptcy, at which time the Debtors had hundreds of creditors who collectively asserted over $150 million in general unsecured claims against the Debtors. (*Id.* ¶¶ 56–57). These creditors include service providers and vendors, clothing manufacturers, shopping malls, local municipalities, and state taxing authorities who were left holding an empty bag after Sun Capital enriched itself. (*Id.* ¶ 57).

## C.   THE LIMITED BANKRUPTCY AND FORMATION OF THE TRUST

On January 17, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtors' chapter 11 cases were consolidated for procedural purposes and jointly administered in *In re LSC Wind Down, LLC f/k/a Limited Stores Company, LLC*, Case No. 17-10124 (the "Bankruptcy Case"). Less than a year later, the Delaware Bankruptcy Court entered an order confirming the Second Modified Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC f/k/a Limited Stores Company, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan").

The Trust was created pursuant to the Plan, and the Debtors' creditors became its beneficiaries.[3] Upon its formation, all remaining assets of the Debtors' estates were irrevocably

---

[2] *See* The Limited Flow of Funds Memorandum (Schwegmann Decl. Ex. A).

[3] *See* Plan, Art. 6.1(a) (Schwegmann Decl. Ex. B).

transferred to the Trust.[4] The Trust was established to, among other things, liquidate the Trust assets, including the prosecution of the claims asserted here, for the benefit of the Trust beneficiaries and to generally administer all aspects of what remained of the Debtors' estate.[5] The Plan also granted the Trustee the broad authority to administer the estate without the need for further Bankruptcy Court approval.[6] In short, the Delaware Bankruptcy Court empowered the Trustee with the authority and duty to maximize the value of the Trust for the benefit of the Debtors' creditors. The Trustee filed this action in this Court in fulfillment of that duty.

**D.     PARTIES TO THIS ACTION**

There are only five parties to this case. The plaintiff Trustee is a national bank with its headquarters located in Kansas City, Missouri. (Complaint ¶ 6). Each Defendant was a recipient of the fraudulent transfers the Trustee seeks to avoid. Defendants Sun Mod Fashions IV, LLC, Sun Mod Fashions V, LLC, and H.I.G. Sun Partners, LLC are limited liability companies with their principal places of business located in Boca Raton, Florida. (*Id.* ¶¶ 12–14). Defendant Sun Capital Partners V, LP is a Cayman limited partnership with its principal place of business also located in Boca Raton, Florida. (*Id.* ¶ 15). Although Defendants stress that three of them are Delaware entities, they have not identified a single office or relevant employee that is located there. Finally, although not a party to this case, all Defendants are affiliated with, owned, or controlled by Sun Capital, which also maintains its principal place of business in Boca Raton, Florida (Mot. at 14).

---

[4] *Id.*

[5] *Id.* at Art. 6.1(b).

[6] *Id.* at Art. 6.1(c) (enumerating the Trustee's authority to administer the Debtors' estates, including the authority to "enforce, collect, compromise, [or] settle . . . all Causes of Action . . . free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules").

Despite Defendants' misguided attempts to argue otherwise, The Limited's creditors are not the "real party-in-interest" in this case. (Mot. at 6). Indeed, pursuant to Federal Rule of Civil Procedure 17(a)(1)(G), the Trustee is indisputably the real party in interest.[7] Furthermore, the Trustee does not bring this action on behalf of the 121 unsecured creditors listed on Exhibit A to the Complaint as Defendants mistakenly allege. (Mot. at 6). The Trustee is not pursuing creditor claims, but rather, estate claims pursuant to 11 U.S.C. § 544(b). The 121 unsecured creditors Defendants refer to are the "predicate creditors" that could have avoided the transfers at issue as of the Petition Date. (Complaint ¶ 66–67). Their names were included in the Complaint for no other reason than to ensure the Complaint satisfied the pleading requirements of § 544(b). Because they are not parties to this case, each of the facts Defendants set forth regarding these creditors is completely irrelevant and an obvious attempt to mislead this Court.

## ARGUMENT

A.   **DEFENDANTS MUST SHOW THAT A TRANSFER WOULD SERVE THE "INTEREST OF JUSTICE" OR "CONVENIENCE OF THE PARTIES"**

Defendants' motion to transfer venue is governed by 28 U.S.C. § 1412.[8] Section 1412 permits the Court to transfer a case or proceeding under title 11 to another district "in the interest of justice or for the convenience of the parties." But when exercising this authority, courts "must

---

[7] *See, e.g.*, *First Bank of Dalton v. Manton Family P'ship, LLP (In re Manton)*, 585 B.R. 630, 636 (Bankr. N.D. Ga. 2018) (holding that a bankruptcy trustee was the real party in interest to a fraudulent transfer action pursuant to Federal Rule of Civil Procedure 17(a)(1)(G), Federal Rule of Bankruptcy Procedure 7017, and 11 U.S.C. §§ 544, 548).

[8] Defendants also moved to transfer this case under 28 U.S.C. § 1404(a). (Mot. at 16). The multi-factor analyses under sections 1412 and 1404(a) are largely the same. *See, e.g.*, *Holmes v. Grubman (In re Holmes)*, 306 B.R. 11, 14 (Bankr. M.D. Ga. 2004) ("The statutory language of sections 1404 and 1412 are similar and courts apply the same basic factors when considering motions to transfer under either section."). Thus, to the extent this Court denies the motion under section 1412, it should also do so under section 1404(a).

act with caution."[9] "[T]he party requesting the transfer of venue must demonstrate by a preponderance of the evidence that in light of all the factors to be considered, it will be more convenient for [the] parties [or] will further the interest of justice."[10] "Absent such a showing, [the Court should] not disturb the choice of forum made by [the] plaintiff, which choice should be accorded great deference."[11] Furthermore, while normally there is a presumption that venue is most proper in the court in which debtor's bankruptcy case is pending, under certain circumstances a transfer to that venue may be inappropriate.[12] Thus, the Court must consider both convenience and fairness on a case-by-case basis.[13]

Although the courts have articulated the multi-factor test for motions brought under section 1412 in various ways, courts generally consider both "interest of justice" factors and "convenience of the parties" factors when deciding whether a transfer of venue is appropriate. The "interest of justice" factors that are potentially relevant here include:

(1) Plaintiff's original choice of forum;
(2) The efficient administration of the bankruptcy estate, taking into consideration the interests of judicial economy, timeliness, and fairness;
(3) The local interest in having localized controversies decided at home;
(4) A trial in the state the law of which will govern the action;
(5) Ability to receive a fair trial;
(6) The enforceability of any judgement rendered; and
(7) The presumption in favor of the home bankruptcy court.[14]

---

[9] *Unico Holdings, Inc. v. Nutramax Prods., Inc.*, 264 B.R. 779, 783 (Bankr. S.D. Fla. 2001).

[10] *Taca Int'l Airlines, S.A. v. Pan Am World Airways, Inc. (In re Pan Am Corp.)*, 177 B.R. 1014, 1018 (Bankr. S.D. Fla. 1995).

[11] *Id.*

[12] *Unico*, 264 B.R. at 783.

[13] *Id.*

[14] *See, e.g., id.*; *A.B. Real Estate, Inc., v. Bruno's Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 324–25 (Bankr. N.D. Ala. 1998).

The factors courts consider when evaluating whether a transfer would be more convenient for the parties include:

(1) Location of plaintiff and defendants;
(2) Ease of access to necessary proof;
(3) Convenience of witnesses;
(4) The availability of compulsory process for attendance of unwilling witnesses; and
(5) The cost of obtaining the attendance of witnesses.[15]

As detailed below, Defendants have failed to meet their burden under both of these multi-factor balancing tests. As such, the Trustee respectfully requests the Court deny Defendants' motion to transfer.

**B.    A TRANSFER WOULD NOT SERVE THE "INTERESTS OF JUSTICE"**

Defendants cannot satisfy their burden to demonstrate that transferring this case to Delaware would be in the interests of justice. Each of the following factors decidedly weigh against a transfer: (1) plaintiff's choice of forum; (2) the localized interests of the respective courts; and (3) choice-of-law considerations. The remaining factors, including the general presumption in favor of the home bankruptcy court, are at best neutral and, thus, do not support Defendants' motion.

### 1.    The Court Should Defer to Plaintiff's Choice of Forum.

The factor that weighs most heavily against a transfer is the fact that Plaintiff chose this forum. The Eleventh Circuit has recognized that "***the plaintiff's choice of forum should not be disturbed*** unless it is clearly outweighed by other considerations."[16] The rationale for giving the plaintiff's choice of forum substantial deference is that, unlike forum shopping by a defendant, a plaintiff's "forum shopping is not an evil to be avoided, but rather is an inherent part of our federal

---

[15] *In re Bruno's, Inc.*, 227 B.R. at 325 (collecting cases).

[16] *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

court network."[17] The power of federal plaintiffs to forum shop was firmly established by the Supreme Court in *Ferens v. John Deere Co.*[18] Relying on *Ferens*, courts have specifically recognized that a plaintiff has "every right" to file suit in a jurisdiction of its choosing:

> A plaintiff may have available numerous places of equal convenience to bring his or her suit, and has every right to file in the forum that is most geographically convenient or that has most favorable law. The fact that the plaintiffs have some flexibility to shop for law or location encourages them to use the judicial system for their disputes. Having chosen a forum, a plaintiff would lose any advantage if the defendant were able—by scarcely overcoming the plaintiff's choice—to pull the well-placed procedural rug from under the plaintiff's feet.[19]

The Trustee admittedly chose this forum, and not the Delaware Bankruptcy Court, for both practical (*e.g.*, ease and cost of travel) and legal strategic reasons—neither of which is improper. The fact that the Trustee decided to bring this proceeding in Defendants' home court rather than in Delaware, a state with no connection to the facts giving rise to this claim, demonstrates that the Trustee was not impermissibly forum shopping as Defendants allege.

Nevertheless, Defendants make two arguments, based upon inapplicable case law and irrelevant facts, that the Plaintiff's choice of forum is not entitled to any deference. Both are wrong. Defendants first incorrectly argue that Plaintiff's choice of forum should be disregarded because it did not file this suit in its home court. (Mot. at 13). This argument makes no sense here because the Trustee could not bring this action in its home court of Missouri for want of personal jurisdiction. Indeed, in both cases Defendants cite, *La Seguridad v. Tansytur Line*, and *Morrissey*

---

[17] *FTI Consulting, Inc. v. Merit Mgmt. Grp., LP*, No. 11 CV 7670, 2014 WL 3858365, at *5 (N.D. Ill. Aug. 5, 2014); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 528 (1990) ("Section 1404(a), to reiterate, exists to make venue convenient and should not allow the defendant to use inconvenience to discourage plaintiffs from exercising the opportunities that they already have.").

[18] *See generally Ferens*, 494 U.S. at 528–33.

[19] *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999) (citing *Ferens*, 494 U.S. at 528).

*v. Subaru of America, Inc.*, the courts emphasized that the plaintiffs could have brought their actions in their home courts but chose not to.[20]

Furthermore, the *La Seguridad* court was evaluating a motion to dismiss for *forum non conveniens*, which requires considerations with a different focus than a motion to transfer under section 1412. There, a Venezuelan plaintiff brought an action against Venezuelan defendants in the Southern District of Florida.[21] As the court noted, unlike under section 1412, "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient."[22] Thus, courts grant less deference to a ***foreign*** plaintiff's choice to bring an action outside of their own country because the court assumes that bringing the action in its own country, if possible, would be more convenient.[23] Here, the Trustee is not a foreign plaintiff, it could not have brought this action in its home court, and it sued Defendants in ***their home court***. Thus, *La Seguridad* is both factually and legally irrelevant.

The same is true for *Morrissey*.[24] There the court transferred the case to the district in which both the plaintiffs and at least two-thirds of the witnesses resided.[25] None of those facts are present here. The court also noted that, in contrast to here, none of the events underlying the plaintiffs' claims occurred in the district in which the case was filed.[26] As such, *Morrissey* is likewise irrelevant.

---

[20] *La Seguridad v. Tansytur Line,* 707 F.2d 1304, 1307 (11th Cir. 1983); *Morrissey v. Subaru of America, Inc.,* No. 1:15-CV-21106, 2015 WL 9583278, at *2 (S.D. Fla. Dec. 31, 2015).

[21] *La Seguridad*, 707 F.2d at 1306.

[22] *Id.* at 1307 (11th Cir. 1983).

[23] *Id.*

[24] 2015 WL 9583278, at *2.

[25] *Id.*

[26] *Id.*

Defendants' second argument regarding Plaintiff's choice of forum fares no better. Specifically, Defendants incorrectly argue that Plaintiff's choice of forum deserves less deference because there are "related cases" pending in another jurisdiction. (Mot. at 13). Defendants, however, have not established that there are, in fact, any cases related to this action pending in another jurisdiction. (*Id.*). Defendants merely point to the Bankruptcy Case itself and the fact that the Trustee is pursuing other adversary proceedings in Delaware. (*Id.*). But Defendants do not provide any evidence that (1) the allegedly related matters are "substantially the same"; (2) that the Delaware Bankruptcy Court is "intimately familiar with the relevant facts and law"; or even that (3) that there is a close nexus between the actions such that "a transfer would avoid duplicative litigation saving time and expense for both parties and witnesses, [and] . . . avoid potentially inconsistent results."[27] Defendants do not offer any such evidence because none exists. Indeed, the adversary proceedings currently pending in the Delaware Bankruptcy Court involve different claims, material facts, relevant time periods, issues in dispute, parties, and attorneys. In other words, they are simply not related.

In sum, under the circumstances of this case, the Court should grant deference to Plaintiff's choice of forum. As such, this factor weighs heavily against a transfer.

### 2. The Remaining "Justice" Factors Do Note Favor a Transfer.

The remaining factors that are often considered by courts when evaluating whether the interests of justice would be served by a transfer either weigh against a transfer or are neutral:

---

[27] *See*, *e.g.*, *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 608 (S.D.N.Y. 2008) (listing factors the court considered to determine whether cases were related in the context of a motion to transfer).

11

*Local interest in having localized controversies decided at home*. This is a fraudulent-transfer case whereby The Limited, a company operated out of Ohio, fraudulently transferred funds from an account located in this District, to another account located in this District, for the benefit of Defendants that were also located in this District.[28] No relevant events occurred in Delaware and thus, Delaware has no interest in this dispute. In contrast, because many of the material events relevant to the Trustee's claims happened in this District, Florida has a significant interest in resolving this dispute, and a significantly greater interest in this dispute than Delaware.[29] As such, this factor weighs against a transfer.

*Choice of law considerations*. Through this action, the Trustee is bringing fraudulent transfer claims against Defendants pursuant to 11 U.S.C. § 544(b) and applicable state law. As alleged in the Complaint, either the Florida or Ohio Uniform Fraudulent Transfer Act will govern this dispute. Ohio was the Debtors' principal place of business, and as described above, Florida was the situs of many of the events material to the Trustee's causes of action. There is no reasonable argument, however, for the application of Delaware fraudulent transfer law. Thus, as between Florida and Delaware, this factor weighs in favor of Florida.[30]

*Availability of a fair trial* and *the enforceability of any judgment rendered*. These factors are neutral and do not weigh in favor of either jurisdiction. As such, they do nothing to help Defendants' satisfy their burden on this motion.

---

[28] *See* The Limited Flow of Funds Memorandum (Schwegmann Decl. Ex. A).

[29] *See Klein v. The Bd. of Trs. of the Cal. State Univ. (In re Moriarty)*, No. 12-22878-MLB, 2014 WL 6623005, at *5 (Bankr. C.D. Cal. Nov. 20, 2014) (denying a motion to transfer an adversary proceeding to the Western District of Washington because the events relevant to the adversary proceeding arose in California).

[30] *See A.B. Real Estate, Inc., v. Bruno's Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 324–25 (Bankr. N.D. Ala. 1998) (denying a motion to transfer to the District of Delaware where Delaware law did not apply to the adversary proceeding).

Finally, as explained in detail below, even the factors of estate administration, judicial efficiency, and the related general presumption in favor of the home bankruptcy court are at best neutral under the specific circumstances of this case.

### 3. Considerations of Judicial Efficiency Do Not Favor a Transfer.

Even the general presumption in favor of the home bankruptcy court does not weigh in favor of transferring this case. While normally there is a presumption that venue is most proper in the court in which debtor's bankruptcy is pending, this factor is not dispositive here.[31] Rather, the Court must consider both convenience and fairness on a case-by-case basis and in light of the efficiencies that might actually be gained through a transfer.[32]

Here, the Plan has been confirmed and the Trustee has been charged with the administering the estate.[33] Defendants have not identified a single case pending before the Delaware Bankruptcy Court that shares similar facts, issues, parties, or attorneys, or with which this case could conceivably be consolidated. Thus, there is also no risk of inconsistent outcomes of similar cases. Defendants have also not identified any rights of any party to the Bankruptcy Case that might be affected by this case. Nor have Defendants identified any unique substantive knowledge the Delaware Bankruptcy Court has regarding *this* case. But, even if they had, the benefit of what limited knowledge the presiding bankruptcy judge has over any of the facts relevant to this case will be lost upon his retirement in August of this year.[34] Finally, there are no parties to this case that are residents of Delaware, there are no witnesses in Delaware, and thus, no evidence in

---

[31] *Unico Holdings, Inc. v. Nutramax Prods., Inc.*, 264 B.R. 779, 783 (Bankr. S.D. Fla. 2001).

[32] *Id.*

[33] *See* Plan, Art. 6 (Schwegmann Decl. Ex. B).

[34] *See* Announcement of Retirement of Hon. Kevin J. Carey (Schwegmann Decl. Ex. C).

Delaware. (Mot. at 6–8). When Courts have examined facts similar to these, they have generally denied motions to transfer adversary proceedings to the home bankruptcy court.[35] Here, as the Court in *In re Moriarty* aptly stated in rejecting a motion to transfer under similar circumstances, to the extent judicial economy weighs in favor of a transfer, it does so "based solely on the relatively meaningless fact, here, that if transferred, a single court would then be in charge of both the bankruptcy and the litigation."[36]

Although judicial efficiencies often favor transferring an adversary proceeding to the home bankruptcy court, no such efficiencies would be gained by a transfer under the specific circumstances of this case. Indeed, none of the "efficiencies" Defendants have identified, or the cases they rely upon, stand up to even modest scrutiny.

First, Defendants' reliance on the mere fact that the Trustee commenced "81 adversary proceedings" in the Delaware Bankruptcy Court is misplaced. Defendants make no effort to explain how those adversary proceedings are related to this case or how transferring this case would allow the Delaware Bankruptcy Court to take a "more consolidated approach" to the adversary proceedings. (Mot. at 10). Defendants also do not attempt to explain how the Trustee

---

[35] *See, e.g.*, *In re Moriarty*, 2014 WL 6623005, at *2 (denying a motion to transfer to the home bankruptcy court in Washington because the adversary proceeding was not "inextricably related" to the bankruptcy case, none of the events relevant to the adversary proceeding arose in Washington, the witnesses and defendants did not reside in Washington, and the only party with a connection to Washington—the bankruptcy trustee—elected to file the adversary proceeding in California); *FTI Consulting, Inc. v. Merit Mgmt. Grp.*, LP, No. 11 CV 7670, 2014 WL 3858365, at *1 (N.D. Ill. Aug. 5, 2014) (denying a motion to transfer to the home bankruptcy court because it did not have a "strong connection to the material events" of the adversary proceeding, it was not familiar with the facts of the adversary proceeding, and there was a low risk of inconsistent results from similar cases); *In re Bruno's, Inc.*, 227 B.R. at 324–25 (denying a motion to transfer to the Delaware bankruptcy court because the adversary proceeding would not delay the confirmation of a Chapter 11 plan, Delaware's law did not apply to the adversary proceeding, the Delaware court was not familiar with the facts and issues of the adversary proceeding, none of the events relevant to the adversary proceeding arose in Delaware, none of the parties or witnesses were located in Delaware, and none of the evidence was located in Delaware).

[36] *In re Moriarty*, 2014 WL 6623005, at *5.

might save any time or expense by litigating this case alongside a set of cases that are based upon an entirely unrelated set of facts and parties.[37] Instead, Defendants attempt to meet their burden by citing several cases for the broad proposition that the existence of a related action in another district favors a transfer. (Mot at 10). These cases, however, hardly resemble the facts before this court. For instance, in *Smartmatic USA Corp. v. Dominion Voting Systems Corp.,* the Southern District of New York transferred a case to the home bankruptcy court in Colorado only after finding that "[t]he Colorado federal courts are already presiding over a nearly identical set of claims within the bankruptcy proceeding there."[38] Despite citing this case, Defendants have not identified any such facts here.

Similarly, Defendants also cite numerous cases for the broad proposition that the home bankruptcy court is the most efficient venue to resolve "related proceedings." (Mot. at 11). None of these cases, however, bear even a passing resemblance to the facts presented here. For instance, in *Burns v. Grupo Mexico S.A. de C.V.*, a New York court transferred an adversary proceeding to the home bankruptcy court *because* (1) the adversary proceeding arose "from the same set of operative facts and involved the same counsel" as another case pending before that court; (2) the two cases were "substantially similar"; (3) "litigating [the cases] in different fora might result in conflicting pre-trial rulings"; and (4) "the prospective transferee court ha[d] already spent significant time on . . . virtually identical [issues]."[39] Defendants have not presented any evidence

---

[37] The "81 adversary proceedings" filed in the Bankruptcy Case are garden variety preference cases that are typically resolved without any court involvement. Furthermore, none of those cases concern the Transfer at the center of this case, they involve entirely different defendants, and concern an entirely different relevant time period.

[38] *Smartmatic USA Corp. v. Dominion Voting Systems Corp.,* No. 13 CIV. 5349 KBF, 2013 WL 5798986, at *5 (S.D.N.Y. Oct. 22, 2013).

[39] *Burns v. Grupo Mexico S.A. de C.V.,* No. 07 CIV. 3496 (WHP), 2007 WL 4046762, at *3 (S.D.N.Y. Nov. 16, 2007); *see also*, *Alexander v. The Steel Law Firm, P.C. (In re Terry Mfg. Co. Inc.)*, 323 B.R. 507, 512

establishing any of the facts relied upon by the courts in the cases they cite. In other words, Defendants have failed to cite any facts or cases that support their argument that transferring this case to the Delaware Bankruptcy Court would promote a more efficient resolution of this case.

Second, Defendants' reliance on the fact that the Debtors had numerous creditors is also unavailing. The creditors are not parties to this dispute, and Defendants have failed to identify any role such creditors might play in this case. (Mot. at 11). Nevertheless, in an attempt to buttress their misguided argument, Defendants, once again, rely on an irrelevant case. Specifically, Defendants cite *Commonwealth Oil* to argue that bankruptcy proceedings should take place where the relevant parties are present. (Mot. at 11).[40] But, in *Commonwealth Oil* the issue was the transfer of the entire bankruptcy case—***not an adversary proceeding***.[41] In affirming the lower courts' decisions to deny the motion to transfer, the Fifth Circuit explained that "[t]he heart of a Chapter XI proceeding is working up a financial plan of arrangement acceptable to all relevant parties."[42]

---

(Bankr. M.D. Ala. 2005) (refusing to transfer an adversary proceeding ***out*** of the home bankruptcy court); *Giuliano v. CDSI I Holding Co.*, No. 13-2776, 2014 WL 1032704, at *1, 3 (E.D. Pa. Mar. 17, 2014) (transferring case only after deciding that venue as to some claims were not proper but that all claims could be venued in the transferee court); *Campbell v. Williams*, No. 1:14-CV-097, 2015 WL 3657627, at *4 (S.D. Tex. June 12, 2015) (transferring the case to South Carolina because "South Carolina law applie[d] to all claims in this [adversary] case," "all of the parties in the case, including the [bankruptcy] Trustee, [we]re either residents of South Carolina or have their principle places of business in South Carolina," and "all financial records, data, potential witnesses, and virtually any other type of conceivable 'necessary proof' [was] in South Carolina"); *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 11 (S.D.N.Y. 2002) (transferring a dispute between the debtor and a consulting firm to the bankruptcy court because "the Bankruptcy Court was responsible for approving [the debtor's] continued use of [the consulting firm's] services at the commencement of the Bankruptcy Proceeding" and there was an "apparent inconsistency between the allegations in [the adversary] case and [the debtor's] representations to the Bankruptcy Court a few years ago"); *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384 (2d Cir. 1990) (refusing to transfer a dispute over a proof of claim out of the home bankruptcy court where doing so would cause unnecessary delay).

[40] *Commonwealth of P.R. v. Commonwealth Oil Ref. Co., Inc. (In re Commonwealth Oil Ref. Co., Inc.)*, 596 F.2d 1239 (5th Cir. 1979).

[41] *Id.* a 1241.

[42] *Id.* at 1247.

Although the creditors may be relevant to the crafting of an acceptable plan, that is not at issue here. Moreover, Delaware Bankruptcy Court has already confirmed the Plan. Thus, *Commonwealth Oil* has no bearing on this motion. And, even if it did, Defendants have not identified how the creditors are "relevant parties" to *this* case.

Finally, Defendants' "judicial efficiency" arguments based upon the Delaware Bankruptcy Court's familiarity with "the facts surrounding The Limited's bankruptcy" are similarly unsupported. (Mot. at 12). Indeed, Defendants rely entirely on conclusory statements without identifying even a single element of the Trustee's claims about which the Delaware Bankruptcy Court has any specific knowledge. Thus, here too, Defendants have failed to meet their burden. In fact, the very case upon which Defendants rely illustrates their failure. Indeed, in *A.B. Real Estate, Inc., v. Bruno's Inc. (In re Bruno's, Inc.)*, the court refused to transfer a case to the home bankruptcy court because, as here, "[n]o evidence was presented that the Delaware court has any familiarity with the progress of and *issues raised in the [adversary proceeding].*"[43]

In short, Defendants have failed to satisfy their burden on the "interest of justice" prong of section 1412 on the only factor that could conceivably support their motion. The fact that the Delaware Bankruptcy Court presided over The Limited's bankruptcy case does not weigh in favor of transferring the case, but to the extent it does, it does not outweigh the critical mass of all other factors in the analysis.

---

[43] 227 B.R. 311, 327 (Bankr. N.D. Ala. 1998) (emphasis added). The other case cited by Defendants in "support" of their argument provides a contrasting example of situation where—under facts entirely different than those presented here—the court transferred a case based upon the familiarity the bankruptcy court had with the relevant issues. *See Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 958 (8th Cir. 2005) (transferring a Missouri action, which involved certain lease obligations, to the bankruptcy court because the issues in the Missouri action were "on appeal to the Delaware district court" and "[t]he status of the lease obligations [were] contingent on issues pending before the Delaware district court").

C.    **DEFENDANTS ALSO FAIL TO SATISFY THEIR BURDEN ON THE "CONVENIENCE" FACTORS.**

Defendants fail to meet their burden on the convenience prong of the section 1412 analysis. Indeed, Defendants admit that a transfer to Delaware would not provide the parties with any easier access to the sources of proof in this case. The Trustee is in possession of a significant amount of the relevant documents (including thousands of pages of documents received from the Debtors), and any additional relevant evidence can be accessed through third-party subpoenas with little to no difficulty. To the extent that subpoenas will be necessary in this case, the potential third-party witnesses reside in states across the country, *except for in Delaware*. (Mot. at 7-8). Because none of the potential third-party witnesses reside in Delaware or within the subpoena power of a Delaware court, a transfer to Delaware would not be more convenient. In contrast, at least some witnesses reside in Florida. For example, T. Scott King and Greg Baker, both witnesses identified by Defendants, reside in Florida. (Mot. at 7). Furthermore, Sun Capital, the private equity firm that owns or controls Defendants, also resides in Florida and will be required to provide both documentary evidence and witness testimony in this case.

Defendants' arguments to the contrary based upon the number of miles that witnesses would have to travel to testify at trial are unavailing. First, Defendants' painstaking analysis of the distances the witness would have to travel to testify in court does not reveal any material difference between Florida and Delaware. (Mot. at 14–15). Furthermore, it is far from clear from Defendants' analysis that traveling to Delaware, even if it is marginally closer, would either cost less or take any less time, on average, than traveling to Florida. Indeed, Wilmington does not have a convenient airport, whereas this District has two.

The location of the parties, however, strongly weighs against a transfer. It is inconceivable how Defendants and their representatives would find it more convenient to travel to Delaware to

litigate this case. Indeed, Defendants admit that their principal place of business is in Boca Raton, Florida, and although they claim to "operate globally," they have not identified any operations in Delaware. (Mot. at 14). Furthermore, although Defendants tout the fact that at least three of them were formed in Delaware, they have not cited a single case for the proposition, or even attempted to explain why, that fact is in any way relevant to the convenience analysis.[44] Simply put, Defendants are willing to bear the burden of travel to Delaware because they believe that once the case is transferred there, it will gain a litigation advantage. As described above, this is not a proper basis to transfer the case, and the Court should not sanction it.

In summary, because the factors do not weigh in favor of a transfer to the Delaware Bankruptcy Court, the Litigation Trustee's choice of forum should not be disturbed. Defendants reside in this District, received the fraudulent transfer in this District, and, accordingly, this case should be tried in this District.

## **CONCLUSION**

In conclusion, for all the reasons stated above, the Trustee respectfully requests that the Court deny Defendants' motion and grant the Trustee any such other relief as the Court deems just and proper.

---

[44] Defendants have similarly failed to provide any authority for why the Debtors' creditors would play any role in the Court's convenience analysis. They are not parties to this action and few, if any, will ever be called to testify in this case.

Dated: April 15, 2019

**REID COLLINS & TSAI LLP**
/s/ *Gregory S. Schwegmann*
Eric D. Madden
Michael J. Yoder
Gregory S. Schwegmann
1601 Elm Street, 42nd Floor
Dallas, Texas 75201
T: (214) 420-8900
F: (214) 420-8909
gschwegmann@rctlegal.com
emadden@rctlegal.com
myoder@rctlegal.com


**DAMIAN & VALORI LLP**
Kenneth Dante Murena
Florida Bar No. 147486
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
T: (305) 371-3960
F: (305) 371-3965
kmurena@dvllp.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 15, 2019, a copy of the foregoing document is being

served this day on all parties of record identified below:

Jodi A. Avila
BAKER & McKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
jodi.avila@bakermckenzie.com

Michael A. Duffy
Michael C. McCutcheon
BAKER & McKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
michael.duffy@bakermckenzie.com
michael.mccutcheon@bakermckenzie.com

*Counsel for Defendants*

/s/ *Kenneth Dante Murena*
Kenneth Dante Murena