IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-80074-Rosenberg/Reinhart

UMB BANK, N.A., as Plan Trustee of The
Limited Creditors' Liquidating Trust,

      Plaintiff,

v.

SUN CAPITAL PARTNERS V, LP,
SUN MOD FASHIONS IV, LLC,
SUN MOD FASHIONS V, LLC, and
H.I.G. SUN PARTNERS, LLC,

      Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

Jodi A. Avila (Florida Bar No. 102787)
jodi.avila@bakermckenzie.com
**BAKER & McKENZIE LLP**
*Attorneys for Defendants*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

Michael A. Duffy
michael.duffy@bakermckenzie.com
(*pro hac vice*)
Michael C. McCutcheon
michael.mccutcheon@bakermckenzie.com
(*pro hac vice*)
BAKER MCKENZIE, LLP
300 East Randolph Street #5000
Chicago, Illinois 60601
Telephone (312) 861-8000

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

I. THIS COURT SHOULD APPLY FLORIDA LAW ......................................................... 1

II. SECTION 546(A)'S STATUTE OF LIMITATIONS DOES NOT SAVE PLAINTIFF'S CLAIMS ................................................................................................... 2

III. PLAINTIFF FAILS TO PLEAD ITSELF INTO THE ONE-YEAR SAVINGS PERIOD .............................................................................................................................. 3

    A. FUFTA Cannot Be Tolled ...................................................................................... 3

    B. Plaintiff's Pleading Is Insufficient To Avail Itself of The 1-Year Tolling Period Under Either Florida or Ohio Law ............................................................. 4

IV. THE SAVINGS CLAUSE WAS TRIGGERED REGARDLESS OF NOTICE OF FRAUDULENT INTENT ................................................................................................. 8

CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

                                                                                                                                               **Page(s)**

**Cases**

*A. v. Lama*,
   633 F.3d 1330 (11th Cir. 2011) ...........................................................................................8

*Allstate Life Ins. Co. v. Miller*,
   424 F.3d 1113 (11th Cir. 2005) ...........................................................................................8

*CTS Corp v. Waldburger*,
   573 U.S. 1 (2014)............................................................................................................3, 4

*Dillworth v. Ginn (In re Ginn-La St. Lucie Ltd., LLLP)*,
   Nos. 08-29769-BKC-PGH, 10-2976-PGH, 2010 Bankr. LEXIS 6325 (Bankr.
   S.D. Fla. Dec. 10, 2010)......................................................................................................4

*In re Equip. Acquisition Res., Inc.*,
   742 F.3d 743 (7th Cir. 2014) ...............................................................................................7

*F/R 550, LLC v. Nat'l Auto Serv. Ctrs.*,
   No. SC16-1045, 2016 Fla. LEXIS 2367 (Oct. 27, 2016)....................................................8

*Forman v. Kelly Capital, LLC (In re Nat'l Serv. Indus.)*,
   Nos. 12-12057, 14-50377 (MFW), 2015 Bankr. LEXIS 2029 (Bankr. D. Del.
   June 18, 2015).....................................................................................................................8

*Furr v. I.R.S. (In re Pharmacy Distrib. Servs., Inc.)*,
   455 B.R. 817 (Bankr. S. D. Fla. 2011) ............................................................................2, 3

*Gordon v. Hackenberry (In re Alpha Protective Servs.)*,
   570 B.R. 914 (Bankr. M.D. Ga. 2017).................................................................................7

*IT Grp., Inc. v. D'Aniello*,
   Civil Action No. 04-1268-KAJ, 2005 U.S. Dist. LEXIS 27869 (D. Del. Nov.
   15, 2005) ..............................................................................................................................8

*Lozman v. City of Riviera Beach*,
   713 F.3d 1066 (11th Cir. Fla. 2013) ....................................................................................6

*Menotte v. Gassan (In re Tabor)*,
   Nos. 14-20731-EPK, 15-01577-EPK, 2016 Bankr. LEXIS 2315 (Bankr. S.D.
   Fla. June 17, 2016)..............................................................................................................7

*Nat'l Auto Serv. Ctrs. v. F/R/ 550, LLC*,
   192 So. 3d 498,504 (Fla. 2d DCA 2016).............................................................................8

*United States ex rel. Osheroff v. Humana, Inc.*,
    776 F.3d 805 (11th Cir. 2015) ................................................................................................6

*In re Pearlman*,
    460 B.R. 306 (Bankr. M.D. Fla. 2011) ...................................................................................3

*In re Petters Co.*,
    495 B.R. 887 (Bankr. D. Minn. 2013) .........................................................................5, 6, 7, 8

*Picard v. Estate of Chais (In re Bernard L. Madoff Inv. Sec. LLC)*,
    445 B.R. 206 (Bankr. S.D.N.Y. 2011) ....................................................................................8

*In re Rollaguard Sec., LLC*,
    570 B.R. 859 (Bankr. S.D. Fla. 2017) (remanded on other grounds) ......................................5

*Silverman v. Sound Around, Inc. (In re Allou Distribs.)*,
    392 B.R. 24 (Bankr. E.D.N.Y. 2008) ......................................................................................5

*Soifer v. Bozarth (In re Lydia Cladek, Inc.)*,
    494 B.R. 555 (Bankr. M.D. Fla. 2013) ...................................................................................2

*Stewart Coach Industries, Inc. v. Moore*,
    512 F. Supp. 879 (S.D. Ohio 1981) ........................................................................................4

*In re Wingspread Corp.*,
    178 B.R. 938 (Bankr. S.D.N.Y. 1995) ....................................................................................5

**Statutes**

11 U.S.C.A. § 546(a) ..............................................................................................1, 2, 3, 4

11 U.S.C. § 544............................................................................................................ *passim*

FLA. STAT. § 726.110(1) ...................................................................................................3

Florida Uniform Fraudulent Transfer Act ("FUFTA")........................................................1, 3, 4, 8

**Other Authorities**

COLLIER ON BANKRUPTCY § 544.06 (16th 2019)............................................................7

Fed. R. Civ. P. 12(b)(6)..................................................................................................6, 8

Fed. R. Evid. 201 ................................................................................................................6

## INTRODUCTION

In its opposition, plaintiff concedes (as it must) that it seeks to advance stale claims, and that these claims can only survive if 11 U.S.C.A. § 546(a)'s two-year statute of limitations somehow revives its lapsed causes of action. But Section 546(a) is only applicable to transfers that occur within *four* years of the bankruptcy petition's filing. Because plaintiff admits that the 2011 Dividend occurred *over five* years prior to The Limited's bankruptcy petition, its claims expired long before section 546(a) could preserve them. Undeterred, plaintiff tries to toll the one-year Florida Uniform Fraudulent Transfer Act ("FUFTA") savings provision, arguing that "if there is a single creditor that against whom the 1-year period was not triggered until after [one year prior to the petition filing date], then that creditor could have avoided the Transfer as of the petition date." (Pl.'s Opp. at 8.) This argument is absurd and would allow a plaintiff to resuscitate long-lapsed claims, based on decades-old transactions, simply by baldly alleging that "not every creditor" was aware of a particular transaction. There is no legal authority that would countenance such a result. Moreover, plaintiff's argument fails as a matter of law because FUFTA's savings clause is a statute of repose that cannot be tolled. More remarkably, however, is that even ***after*** two years of post-petition investigation, plaintiff fails to meet its burden of identifying that single "predicate" creditor who purportedly was unaware of the widely-disclosed 2011 Dividend. Plaintiff has not explained, much less pled, ***which*** creditor has a valid claim and ***when*** that purported creditor became aware of the allegedly fraudulent transfer. Thus, plaintiff has failed to satisfy the pleading requirements for a section 544 claim, whether under Florida or Ohio law. In the end, no amount of spin can change the fact that plaintiff's complaint is time-barred on its face and should be dismissed with prejudice.

**I.    This Court Should Apply Florida Law**

In its Complaint, plaintiff expressly pleads the application of Florida's law (Compl. at ¶ 68.[1]) But now, having realized that Florida law is fatal to its claims, plaintiff argues that this Court should not apply it. (Pl.'s Opp. at 11-13.) Having argued that the case should remain in

---

[1] Plaintiff alleges that "all of the defendants have their principle place of business located in Boca Raton, Florida" and that each of the defendants in this case had "continuous and systematic contacts with Florida" and "have purposefully availed themselves of the benefits and protections of Florida's laws and should reasonably anticipate being haled into court in Florida." *Id.* at ¶ 17, 41. Plaintiff further alleges that "a substantial part of the events giving rise to the Trustee's claims occurred in Boca Raton, Florida." (*Id.* at ¶ 18.)

Florida in response to defendant's motion to transfer, plaintiff should not simultaneously be allowed to deny the application of Florida law.  Regardless, plaintiff's argument in response to defendant's motion to transfer establishes that Florida law should apply.

For example, plaintiff argues that the 2011 Dividend originated "from an account located in this District, to another account located in this District, for the benefit of Defendants that were also located in this District." (Opp. to Motion to Transfer Venue at 12.)  Plaintiff further argues that the fraudulent transfer took place on December 20, 2011[2], when approximately $42 million was transferred "to an account held in the name of Sun Capital's affiliate, Sun Capital Partners V, at Wachovia Bank in Boca Raton, Florida." (Compl. at ¶ 41.)  Plaintiff asserts that, "because many of the material events relevant to the Trustee's claims happened in this District, Florida has a significant interest in resolving this dispute, and a significantly greater interest in this dispute than Delaware." (Opp. to Motion to Transfer Venue at 12.)  Premised upon these facts, plaintiff chose to sue defendants in Florida, "outside of the home bankruptcy court" in Delaware  *Id.* at 1. Having strategically chosen to bring this suit in Florida, this Court should reject plaintiff's attempt to evade its law.

**II.     Section 546(a)'s Statute of Limitations Does Not Save Plaintiff's Claims**

Plaintiff argues that its claims are not barred because "section 546 extends the time to pursue an avoidance action under section 544 so long as the underlying state law claim had not expired as of the date the bankruptcy petition was filed." (Pl.'s Opp. at 7, quoting *Soifer v. Bozarth (In re Lydia Cladek, Inc.)*, 494 B.R. 555 (Bankr. M.D. Fla. 2013) and *Furr v. I.R.S. (In re Pharmacy Distrib. Servs., Inc.)*, 455 B.R. 817, 823-24 (Bankr. S. D. Fla. 2011).)  Yet, plaintiff admits that "[t]he Transfer was made on December 20, 2011—more than four years prior to the bankruptcy filing on January 17, 2017." (Pl.'s Opp. at 4.)  Contrary to plaintiff's assertions, *Soifer* and *Furr* actually demonstrate why plaintiff's claims are untimely on their face, having expired two years *before* the bankruptcy petition was filed.

In *Soifer v. Bozarth (In re Lydia Cladek, Inc.)*, 494 B.R. 555 (Bankr. M.D. Fla. 2013), the court observed that section 546(a) allows a trustee two years from the filing of a petition for bankruptcy to file a state-law based fraudulent transfer claim under §544, so long as the state law statute of limitations has not expired as of the commencement of the bankruptcy case. *Id.* at 560

---

[2] Paragraph 41 of plaintiff's complaint actually alleges that the fraudulent transfer took place on December 20, **2010** , which is, presumably, a typo.  Regardless of which date applies, the statute of repose has run.

(Citations omitted).  "This means the relevant reach back period begins on the petition date and encompasses all transfers within the four years prior, per the FUFTA statute of limitations." *Id.*, citing *In re Pearlman*, 460 B.R. 306, 315 (Bankr. M.D. Fla. 2011).  Thus, the combined effect of § 544, §546(a), and §726.110 is "to allow the Trustee a period of two years after the petition is filed to bring an action to avoid fraudulent transfers ***occurring four years prior to the petition date***."  *Id.* (emphasis supplied).  In the instant case, section 546 is inapplicable to plaintiff's claims because the 2011 Dividend occurred well over *five* years before the bankruptcy petition was filed.  In short, because the four year statute of repose expired two years before the bankruptcy petition was filed, section 546(a) cannot save plaintiff's section 544 claims.

Plaintiff's only other authority, *Furr v. United States Dep't of Treasury (In re Pharmacy Distrib. Servs.)*, 455 B.R. 817 (Bankr. S.D. Fla. 2011), similarly fails to support plaintiff's argument.  In *Furr*, the transaction at issue was completed in 2006 and the petition was filed in 2008, well within the four-year statute of repose provided by FUFTA.  FLA. STAT. § 726.110(1).  In *Furr*, defendants argued that the trustee's complaint was untimely because it had been filed in 2011, one year beyond the four-year the statute of repose.  In rejecting defendants' argument, the district court held that, because the bankruptcy petition was filed before the four-year statute of repose had expired, section 546(a) tolled the claim for two additional years.  *Id*.  Here, by contrast, plaintiff concedes that the 2011 Dividend occurred more than five years before The Limited filed its bankruptcy petition.  (Pl.'s Opp. at 4.)

**III.   Plaintiff Fails To Plead Itself Into The One-Year Savings Period**

Having conceded that its claims are untimely, plaintiff seeks to invoke the one-year savings clause in FUFTA. FLA. STAT. § 726.110(1).  According to plaintiff, its claims "would not be time-barred unless the UFTA's 1-year discovery rule was triggered against every single creditor by January 17, 2016."  (Pl.'s Opp. at 2.)  In essence, plaintiff is attempting to toll FUFTA's one-year savings period through the application of section 546.  Plaintiff's argument fails for any one of several independent reasons.

    **A.   FUFTA Cannot Be Tolled**

*First*, by failing to refute it, plaintiff concedes that FUFTA is a statute of repose, which "*will not be tolled for any reason*."  *CTS Corp v. Waldburger*, 573 U.S. 1, 9 (2014) (internal citations omitted; emphasis added).  In this case, there are three separate triggering events for the one-year savings provision: (1) defendants disclosure of the 2011 Dividend to The Limited's

3

primary lenders *before* it was paid; (2) the press coverage of the transaction 2-weeks *prior to* the bankruptcy filing; and (3) the Trustee's actual knowledge of the 2011 Dividend as of December 20, 2017.  Under any or all of these triggering points, the one-year tolling period lapsed before the complaint was filed on January 17, 2019.  (Def.'s Motion at Section II.)  Because plaintiff has failed to cite any authority establishing that section 546 operates to toll a statute of repose like FUFTA, or expand the substantive state rights it provides, this Court should dismiss plaintiff's complaint.  *See CTS Corp.,* 573 U.S. at 9. ("Statutes of repose . . . generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control.")

      **B.**      **Plaintiff's Pleading Is Insufficient To Avail Itself of The 1-Year Tolling Period Under Either Florida or Ohio Law**

When alleging a fraud that occurred at a remote time such that it would ordinarily be barred by the statute of limitations, plaintiff must allege the actual date of discovery of the fraud.  *Stewart Coach Industries, Inc. v. Moore*, 512 F. Supp. 879, 886 (S.D. Ohio 1981).  Even if section 546(a) could toll FUFTA's savings period, plaintiff's conclusory pleading that the "Predicate Creditors had not discovered and could not have reasonably discovered the existence or the fraudulent nature of the 2011 Dividend prior to one-year before the Petition Date" is insufficient as a matter of law because it does not actually plead ***when*** and ***how*** any actual creditor discovered the existence of the 2011 Dividend.  (Compl. at ¶ 67.)  With no facts to support it, plaintiff repeats the bald assertion that "the complaint is timely" and "not all creditors were time barred from pursuing fraudulent transfer claims as of the petition date."  (Pl.'s Opp.. at 5, 6, 7.)  But plaintiff never explains ***how*** and ***why*** the complaint is ***actually*** timely based on a discussion of any ***actual creditor*** that is not time barred.  This deficiency is dispositive.[3]

Under federal law, it is plaintiff's burden to identify the specific details of an actual creditor with valid claims against defendants because that is a *prerequisite* to bringing suit under 11 U.S.C. § 544.  *Dillworth v. Ginn (In re Ginn-La St. Lucie Ltd., LLLP)*, Nos. 08-29769-BKC-PGH, 10-2976-PGH, 2010 Bankr. LEXIS 6325, at *26 (Bankr. S.D. Fla. Dec. 10, 2010) (dismissing plaintiff's complaint for failure to plead the existence of an actual creditor, and remarking that, "[s]ince the trustee assumes only the rights under state law of an actual creditor, a prerequisite to the suit was the existence of an actual creditor, as of the petition date, with a

---

[3] By ignoring *Stewart*, which defendants cited in their motion to dismiss, plaintiff has tacitly conceded that its failure to identify the actual date of discovery of the alleged fraud is fatal to its claims.

viable cause of action against the [defendant]."). Without any specific allegations relevant to any actual creditor who has valid claims against defendants, plaintiff's Complaint is insufficient under *Twombly* and *Iqbal*. *In re Petters Co.*, 495 B.R. 887, 899-900 (Bankr. D. Minn. 2013) (holding that "generic pleading" concerning the existence of a "predicate creditor" does not satisfy the *Twombly/Iqbal* plausibility standard for pleading, and that "[i]t goes beyond saying, that it is not to be taken for granted that such a creditor exists."). This Court recently held in *In re Rollaguard Sec., LLC*, 570 B.R. 859, 881 n.11 (Bankr. S.D. Fla. 2017) (remanded on other grounds), that "in light of the Supreme Court's rulings in [*Iqbal* and *Twombly*], it is now necessary to include specific allegations to support [a section 544(b) claim]." The allegations "***must*** name a ***specific creditor*** or creditors. It is not sufficient to merely draw the Court's attention to the schedules of liabilities filed in a case, particularly if this is done only in connection with a motion to dismiss and not in the complaint itself.") (emphasis supplied). Yet, merely pointing to a schedule of creditors is exactly what plaintiff has done.

For example, paragraph 66 of the complaint states, in its entirety, that "[t]here was at least one unsecured creditor of Limited Stores who could have avoided the Transfer as of the Petition Date. Such creditors include, but are not limited to, the creditors identified in the attached Exhibit "A" (collectively, the "Predicate Creditors")." Exhibit A to plaintiff's complaint includes, but "is not limited to," four pages worth of unsecured creditors who have submitted claims in the underlying bankruptcy proceeding in the district of Delaware. In order to satisfy the standing requirements of Section 544, however, "the same creditor that has an allowed unsecured claim on the Petition Date [of January 17, 2017] must also have been a creditor of the transferor on the Transfer Date [of December 20, 2011]." *Silverman v. Sound Around, Inc. (In re Allou Distribs.)*, 392 B.R. 24, 34 (Bankr. E.D.N.Y. 2008). In other words, "[t]he trustee must show that at least one of the ***present*** unsecured creditors of the estate holds an allowable claim, against whom the ***transfer*** or obligation was invalid under applicable state or federal law." *In re Wingspread Corp.*, 178 B.R. 938, 945 (Bankr. S.D.N.Y. 1995). Considering the vintage of the claims in this case, "[i]t goes beyond saying, that it is not to be taken for granted that such a creditor exists." *In re Petters Co.*, 495 B.R. at 899-900. Predictably, Exhibit A includes numerous creditors whose claims, on their face, preclude them from acting as a predicate creditor. As just one example, plaintiff has identified "Halo Branded Solutions" as a Predicate Creditor. Halo Branded Solutions submitted a claim based on two invoices, one dated August 24, 2016

and another dated January 3, 2017, neither of which could possibly form the basis of voiding the 2011 Dividend. (*See* Claim 134, attached as Ex. J.)[4]

Paragraph 67 is equally infirm because it merely repeats the language of the savings clause and states that *all* of the Predicate Creditors qualify for its application. (Compl. at ¶ 67 ("[t]he Predicate Creditors had not discovered and could not have reasonably discovered the existence or the fraudulent nature of the Transfer prior to one-year before the Petition Date").) However, as stated above, at least one "Predicate Creditor was not even a creditor of The Limited at the time of the Transfer and, therefore, has no standing to object to it in this matter. Paragraph 67 continues on, stating that "there were no public announcements regarding the Transfer prior to the filing of the Petition Date, and the Predicate Creditors had no access to the company's books and records or any other information that would have disclosed either the existence or the fraudulent nature of Transfer before January 17, 2016." But, as Sun Capital demonstrated in its opening brief, prior to the 2011 Dividend, the creditors received notice that a transfer was to take place. (Motion at Ex. D, Capstone Solvency Op. at 2). And, subsequently, before The Limited filed for bankruptcy protection, a press release was issued that also disclosed the 2011 Dividend, which was reported on by Reuters. (Motion at Ex. F). Plaintiff simply ignores each instance of notice.

Even more fundamentally, plaintiff's Complaint does not indicate that there are *any* creditors who can take advantage of *any* savings clause. As explained by *In re Petters*, the primary reason why plaintiffs are required to identify an actual creditor is so that defendants can prepare a statute of limitations defense based on the savings clause (or, as the *Petters* court referred to it, the "discovery allowance") found in various Uniform Fraudulent Transfer statutes:

> For this litigation, the aggrieved party is the predicate creditor . . . Thus, the actual knowledge of facts and circumstances held by the specific predicate creditor will be the ***key to whether the discovery allowance operates in any particular adversary proceeding in this docket*** . . . ***To structure and pursue their opposition to a discovery allowance, defendants are entitled to know the identity of the predicate creditor***. Since that point of fact goes to a trustee's fundamental standing to sue, it belongs in the complaint, as a part of a pleading of facts that make out a ''showing,' rather than a blanket assertion, of entitlement to relief.' *Twombly*, 550 U.S. at 556 n.3.

---

[4] Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) citing Fed. R. Evid. 201; *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. Fla. 2013).

*In re Petters Co.*, 495 B.R. at 900 (emphasis supplied). *See also In re Equip. Acquisition Res., Inc.*, 742 F.3d 743, 746 (7th Cir. 2014) ("the trustee stands in the shoes of an actual unsecured creditor. And if the actual creditor could not succeed for any reason—whether due to the statute of limitations, estoppel, res judicata, waiver, or any other defense—then the trustee is similarly barred and cannot avoid the transfer.") (citing COLLIER ON BANKRUPTCY).  Courts in the Eleventh Circuit have followed *Petters* in holding that "[t]he burden is on the trustee to prove the existence of an actual creditor who holds an unsecured claim against the debtor." *See Gordon v. Hackenberry (In re Alpha Protective Servs.)*, 570 B.R. 914, 918 (Bankr. M.D. Ga. 2017). Additionally, "[t]he trustee must also identify such creditor who would have had standing to sue the debtor to avoid the transfer on the date the debtor filed its bankruptcy petition." *Id*. (citing *Petters* and COLLIER ON BANKRUPTCY ¶ 544.06 [1]). Plaintiff has failed both burdens in suing on a transfer that occurred eight years ago.

Finally, because it lacks the facts to establish a predicate creditor that could possibly avail itself of any saving period, plaintiff cites inapplicable case law and misstates the "actual creditor" analysis. (Pl.'s Opp. at 10.)  For example, plaintiff cites *Menotte v. Gassan* for the proposition that "[t]he determination of when a particular triggering creditor could reasonably have discovered a fraudulent transfer is a factual issue that may require consideration of various evidence," and thus generally, "[i]t is not appropriate for the Court to determine this issue at the motion to dismiss stage." (Pl.'s Opp. at 10.) However, *Menotte* is irrelevant because, unlike this case, the plaintiff actually pled the existence of a "triggering creditor," and the court expressly noted that "[a]bsent a qualifying (sometimes called a 'triggering') creditor, the Plaintiff may not use § 544(b) to avoid the Transfer." *Menotte v. Gassan (In re Tabor)*, Nos. 14-20731-EPK, 15-01577-EPK, 2016 Bankr. LEXIS 2315, at *6 (Bankr. S.D. Fla. June 17, 2016).  The remaining cases plaintiff cites for the proposition that allegations contained in the complaint are "sufficient to preclude dismissal at the pleading stage" are from other circuits and either do not discuss the requirement to plead the existence of a triggering (or actual) creditor or predate the *Twombly/Iqbal* pleading development, noted by Colliers, that requires pleading an actual creditor. *See* COLLIER ON BANKRUPTCY § 544.06 (16th 2019), *citing In re Petters Co.*, 495 B.R. at 900-901, and noting, "[a]t one time, the law was pretty clear that, so long as the trustee pled the existence of a creditor who could have avoided the transfer, the trustee did not have to identify a

7

specific creditor by name. However, a more recent decision refused to follow those cases because of the intervention to two Supreme Court cases interpreting Federal Rule of Civil Procedure 12(b)(6).")[5] Accordingly, plaintiff has failed to plead into the savings clause of FUFTA, regardless of whether the Court applies Florida or Ohio law.

IV.     **The Savings Clause Was Triggered Regardless Of Notice Of Fraudulent Intent**

Under Florida law, "the one-year [repose] period begin[s] on the date the *transfer* was or could reasonably have been discovered, not on the date that the *fraudulent nature* of the transfer was or could have been discovered." *Nat'l Auto Serv. Ctrs. v. F/R/ 550, LLC*, 192 So. 3d 498,504 (Fla. 2d DCA 2016) (emphasis supplied). Plaintiff argues that this Court should not follow *National Auto*, because the "Florida Supreme Court has not yet ruled on whether the UFTA's discovery rule requires notice of the fraudulent nature of a transfer in addition to notice of the existence of the transfer, and thus an *Erie* guess is required to predict 'how the highest court would decide.'" (Pl.'s Opp. at 14). But the Florida Supreme Court had an opportunity to review the holding of *National Auto*, and denied appellant's petition. *F/R 550, LLC v. Nat'l Auto Serv. Ctrs.*, No. SC16-1045, 2016 Fla. LEXIS 2367 (Oct. 27, 2016). Furthermore, there is no split among intermediate appellate courts in Florida on the question of the notice required to trigger the savings clause. The Eleventh Circuit has previously concluded that, in the absence of a split, "[w]e can discern no indication that the Florida Supreme Court would disagree." *Allstate Life Ins. Co. v. Miller*, 424 F.3d 1113, 1117 (11th Cir. 2005). Accordingly, there is no guessing required. The Eleventh Circuit **must** follow the decisions of Florida's intermediate courts, and *National Auto* presents no grounds for exception. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011) (emphasis supplied).

---

[5] Plaintiff cites *Forman v. Kelly Capital, LLC (In re Nat'l Serv. Indus.)*, Nos. 12-12057, 14-50377 (MFW), 2015 Bankr. LEXIS 2029, at *14 (Bankr. D. Del. June 18, 2015) (no discussion of pleading requirements concerning actual creditor with standing to sue); *Picard v. Estate of Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 218 (Bankr. S.D.N.Y. 2011) (out of circuit and predates *In re Petters*); *IT Grp., Inc. v. D'Aniello*, Civil Action No. 04-1268-KAJ, 2005 U.S. Dist. LEXIS 27869, at *54 (D. Del. Nov. 15, 2005) (out of circuit case which predates *Twombly/Iqbal/Petters* and cites old standard that "courts do not generally require a trustee to plead the existence of an unsecured creditor by name").

## CONCLUSION

For the reasons stated in this reply and its motion to dismiss, if this Court denies defendant's concurrently filed Motion to Transfer Venue, this Court should grant their motion to dismiss, and enter any other relief it deems just and appropriate under the circumstances.

Dated: April 22, 2019

**BAKER & McKENZIE LLP**
*Attorneys for Defendants*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

By: /s/ Jodi A. Avila
Jodi A. Avila
Florida Bar No. 102787
jodi.avila@bakermckenzie.com

**BAKER MCKENZIE, LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Michael A. Duffy
michael.duffy@bakermckenzie.com
(*pro hac vice admission pending*)
Michael C. McCutcheon
michael.mccutcheon@bakermckenzie.com
(*pro hac vice admission pending*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2019, a true and correct copy of the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

By: /s/ Jodi S. Avila
Jodi S. Avila

## SERVICE LIST

Case No. 9:19-cv-80074-Rosenberg/Reinhart

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UMB BANK, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust,

v.

SUN CAPITAL PARTNERS V, LP; SUN MOD FASHIONS IV, LLC;
SUN MOD FASHIONS V, LLC; and H.I.G. SUN PARTNERS, LLC,

Kenneth Dante Murena, Esq.
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, Florida 33131
(305) 371-3960 (Telephone)
(305) 371-3965 (Facsimile)
kmurena@dvllp.com

Eric D. Madden
Gregory S. Schwegmann
Michael Yoder
Reid Collins &Tsai LLP
1601 Elm Street
42nd Floor
Dallas, Texas 75201
(214) 420-8900 (Telephone)
(214) 420-8909 (Facsimile)
emadden@rctlegal.com
gschwegmann@rctlegal.com
myoder@rctlegal.com

*Counsel for UMB Bank N.A., as Plan Trustee*
*of The Limited Creditors' Liquidating Trust*