IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-80074-Rosenberg/Reinhart

UMB BANK, N.A., as Plan Trustee of The
Limited Creditors' Liquidating Trust,

        Plaintiff,

v.

SUN CAPITAL PARTNERS V, LP,
SUN MOD FASHIONS IV, LLC,
SUN MOD FASHIONS V, LLC, and
H.I.G. SUN PARTNERS, LLC,

        Defendants.

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION TO TRANSFER VENUE**

Jodi A. Avila (Florida Bar No. 102787)
jodi.avila@bakermckenzie.com
**BAKER & MCKENZIE LLP**
*Attorneys for Defendants*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

Michael A. Duffy
michael.duffy@bakermckenzie.com
(*pro hac vice*)
Michael C. McCutcheon
michael.mccutcheon@bakermckenzie.com
(*pro hac vice*)
BAKER MCKENZIE, LLP
300 East Randolph Street #5000
Chicago, Illinois 60601
(312) 861-8000

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 1

I.    IN THE INTEREST OF JUSTICE, THIS CASE BELONGS IN THE BANKRUPTCY
      COURT. ................................................................................................................. 2

      A.    The "home court presumption" should apply. ............................................. 2

      B.    This case is undeniably related to The Limited bankruptcy. ...................... 3

      C.    The Trustee's choice of forum is entitled to minimal weight. .................... 5

      D.    The case involves issues of local interest to the Delaware bankruptcy court. ............. 6

II.   THIS CASE SHOULD BE TRANSFERRED TO THE BANKRUPTCY COURT FOR
      THE CONVENIENCE OF THE PARTIES AND WITNESSES ......................................... 6

      A.    Plaintiff ignores the locations of the 121 creditors on whose behalf it is suing ........... 6

      B.    The witnesses in this case live significantly closer on average to Wilmington,
            Delaware than to West Palm Beach, Florida. ............................................. 8

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. Real Estate v. Bruno's, Inc. (In re Bruno's, Inc.)*,
227 B.R. 311 (Bankr. N.D. Ala. 1998) ...................................................................................3

*In re Butcher*,
46 B.R. 109 (Bankr. N.D. Ga. 1985) .....................................................................................3

*Carlton v. Baww, Inc.*,
751 F.2d 781 (5th Cir. 1985) .................................................................................................7

*City of Clinton v. Pilgrim's Pride Corp.*,
No. 4:09-CV-386-Y, 2009 U.S. Dist. LEXIS 117751 (N.D. Tex. Dec. 17,
2009) ......................................................................................................................................3

*Credit Suisse AG v. Appaloosa Inv. Ltd. P'Ship I*,
No. 15-cv-3474, 2015 U.S. Dist. LEXIS 120020 (S.D.N.Y. Sept. 9, 2015) ...........................5

*In re EB Cap. Mgmt. LLC, No. 11-12646 (MG)*,
2011 Bankr. LEXIS 2764 (Bankr. S.D.N.Y. July 14, 2011) .......................................................5

*In re Equip. Acquisition Res., Inc.*,
742 F.3d 743 (7th Cir. 2014) .................................................................................................7

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990) ................................................................................................................5

*First Bank of Dalton v. Manton Family P'ship, LLLP (In re Manton)*,
585 B.R. 630 (Bankr. N.D. Ga. 2018) ...................................................................................6

*Giuliano v. CDSI I Holding Co.*,
No. 13-2776, 2014 U.S. Dist. LEXIS 34611 (E.D. Pa. Mar. 17, 2014) ....................................7

*Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*,
246 B.R. 421 (Bankr. N.D. Ala. 2000) .............................................................................2, 3

*Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.)*,
873 F.3d 1325 (11th Cir. 2017) .............................................................................................4

*In re Jordan*,
313 B.R. 242 (Bankr. W.D. Tenn. 2004) (rev'd on other grounds)..........................................5

*In re Lazaro*,
128 B.R. 168 (Bankr. W.D. Tex. 1991) .................................................................................5

*In re LSC Wind Down, LLC, et al.*,
 No. 17-10124 ...............................................................................................................4

*LSREF2 Baron, LLC v. Aguilar*,
 No. 3:12-cv-1242-M, 2013 U.S. Dist. LEXIS 8657 (N.D. Tex. Jan. 18, 2013) ........................3

*Morrissey v. Subaru of Am., Inc.*,
 No 1:15-cv-21106-KMM, 2015 U.S. Dist. LEXIS 173401 (S.D. Fla. Dec. 31,
 2015) ...........................................................................................................................5

*Pergament v. Yerushalmi (In re Yerushalmi)*,
 440 B.R. 24 (E.D.N.Y. 2010) ................................................................................ 7\

*Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil
 Refining Co., Inc.)*,
 596 F.2d 1239 (5th Cir. 1979), *cert. denied¸* 444 U.S. 1045 (1980) ....................................2, 3

*Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*,
 277 B.R. 5 (S.D.N.Y. 2002).........................................................................................5

*Wayne Film Sys. Corp. v. Film Recovery Sys. Corp.*,
 64 B.R. 45 (N.D. Ill. 1986) .........................................................................................7

*Zazzali v. 1031 Exch. Group (In re DBSI, Inc.)*,
 478 B.R. 192 (Bankr. Del. 2012)................................................................................6, 8

**Statutes**

11 U.S.C. § 544(b)(1) ...................................................................................................7

28 U.S.C. § 1409(c) ......................................................................................................7

Bankruptcy Code Chapter 5..........................................................................................1

Bankruptcy Code Chapter 11........................................................................................4

## INTRODUCTION

In its opposition to Sun Capital's Motion to Transfer Venue, plaintiff concedes that "filing a claim that arises under chapter 5 of the Bankruptcy Code outside of the home bankruptcy court is *relatively rare.*"[1]  Of course, a Trustee seldom files outside of the home bankruptcy court, because that court *knows the facts relating to the estate.* This is just common sense, and is the genesis of the "home court" presumption, *i.e.*, that where a bankruptcy is filed is the presumed best venue for all proceedings related to the bankruptcy. Plaintiff's opposition ignores this common-sense presumption and, instead, argues that its lawsuit "is not related to any case pending before the transferee court."[2] Plaintiff is incorrect as a matter of fact and law, and, apparently, seeks to draw a distinction between other adversary proceedings *pending* in The Limited bankruptcy and The Limited bankruptcy case itself. Even if plaintiff could credibly argue that the instant lawsuit has no relation to any other adversary proceeding, there can be no question that plaintiff's Complaint seeks to recover damages on behalf of The Limited estate, whose bankruptcy *case* is pending in Delaware.

Failing to advance any meaningful reason to litigate in Florida, plaintiff argues that Sun Capital "will gain a litigation advantage" by transferring this case to the home court. There is absolutely no merit to this assertion, since familiarity with the creditors and debtors will not prejudice (or help) one side over the other, but, instead, will lead to a more efficient resolution of this dispute.  In the end, plaintiff proffers no reason why a second set of judicial eyes should examine facts relating to The Limited bankruptcy. This case must be transferred to the Delaware bankruptcy court because that court has already examined evidence relevant to this case and is best suited to resolve disputes about the estate it is charged with administering. For these reasons, and as set forth more fully below, this Court should grant the motion to transfer.

## ARGUMENT

As a threshold matter, and as plaintiff concedes, Sun Capital need not meet any heightened standard of proof to be entitled to a transfer.  On the contrary, plaintiff admits that all Sun Capital must do to compel a transfer is "demonstrate by a preponderance of the evidence that in light of all the factors to be considered, [a transfer] will be more convenient for the parties

---

[1] Pl.'s Opp. at 1 (emphasis added).
[2] *Id.* at 2.

or will further the interest of justice."[3] While it is only required to make a preponderance-of-the-evidence showing under either prong, Sun Capital has shown in its motion that a transfer of this case to the home court is both more convenient for the 125 parties in interest *and* in the interest of justice.

**I.      In the Interest of Justice, This Case Belongs in the Bankruptcy Court.**

      A.      *The "home court presumption" should apply.*

As noted in the Sun Capital's opening brief, "the most important factor to be considered in determining whether to transfer venue of a bankruptcy proceeding under the interest of justice prong is whether transfer would promote the economic and efficient administration of the bankruptcy estate." *Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*, 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000), *citing Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990) and *Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.)*, 596 F.2d 1239, 1247 (5th Cir. 1979), *cert. denied¸* 444 U.S. 1045 (1980). In other words, the key question this Court must answer to decide whether to transfer is: in which court will administering this case best promote the economic and efficient administration of the bankruptcy estate?   The answer, without question, is the Delaware bankruptcy court.

Of course, plaintiff knows this fact, and even admits that its decision to file in South Florida is a "rare" one.[4] Plaintiff goes even further and concedes that "normally there is a presumption that venue is most proper in the court in which the debtor's bankruptcy case is pending."[5] Yet, in spite of those admissions, plaintiff presents no evidence that its fraudulent transfer claims are so singularly unique that the "normal" "home court presumption" should not apply. Indeed, plaintiff's claims are not at all atypical and seek relief under the bankruptcy code common to most preference actions.  Rather than present evidence showing that the "home court" is not the more efficient venue, plaintiff attacks settled case law, in an effort to distinguish *Commonwealth Oil*, the controlling 5th Circuit case that first elevated "economic and efficient administration of the bankruptcy estate" as paramount in any venue analysis of a bankruptcy-related proceeding.  Plaintiff argues that "in *Commonwealth Oil* the issue was the transfer of the

---

[3] *Id.* at 7.
[4] Pl.'s Opp. at 1.
[5] *Id.* at 7.

entire bankruptcy case—not an adversary proceeding," implying that, therefore, *Commonwealth Oil* cannot and must not apply to the transfer of adversary proceedings.[6]  But numerous courts considering the transfer of adversary proceedings, such as this lawsuit, cite and rely upon *Commonwealth Oil. See, e.g., Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*, 246 B.R. at 435; *A.B. Real Estate v. Bruno's, Inc. (In re Bruno's, Inc.)*, 227 B.R. 311 (Bankr. N.D. Ala. 1998); *In re Butcher*, 46 B.R. 109 (Bankr. N.D. Ga. 1985). There is no indication that *Commonwealth Oil*'s holding is limited to transfer of the underlying bankruptcy case, and there is abundant case law recognizing that it is not. *Id. See also LSREF2 Baron, LLC v. Aguilar*, No. 3:12-cv-1242-M, 2013 U.S. Dist. LEXIS 8657 (N.D. Tex. Jan. 18, 2013); *City of Clinton v. Pilgrim's Pride Corp.*, No. 4:09-CV-386-Y, 2009 U.S. Dist. LEXIS 117751 (N.D. Tex. Dec. 17, 2009). Try as it might, plaintiff cannot escape the fact that the economic and efficient administration of the bankruptcy estate—and the related presumption that the "home court" is the best venue—is dispositive.

B.     *This case is undeniably related to The Limited bankruptcy.*

To avoid application of *Commonwealth Oil*, plaintiff argues that "this case … is not related to any case pending before the [Delaware bankruptcy court]," though it nevertheless concedes (as it must) that there are at least "minor efficiencies" to "be gained through a passing familiarity with general facts about the debtors' bankruptcy proceedings."[7] In truth, the Delaware bankruptcy court has much more than a "passing familiarity" with the facts relevant to this lawsuit. Indeed, plaintiff's claims turn on the events leading to The Limited bankruptcy.[8]  And, the Delaware bankruptcy court has reviewed substantial evidence relating to this topic, including the first-day Declaration of Timothy D. Boates, filed alongside The Limited entities' bankruptcy petitions.   In that declaration, Mr. Boates described the events leading up to The Limited's bankruptcy proceedings, including the underlying factors that led to the company's filing:

> The Debtors, like the rest of the retail industry, have faced a challenging commercial environment over the last several years, brought on by increased competition, particularly with regard to large fast fashion retailers, and the shift away from shopping at brick and mortar stores. The increase in online shopping

---

[6] *Id.* at 16.

[7] Pl.'s Opp. at 2.

[8] *See, e.g.,* Compl. at ¶ 55 (alleging that "[a]lthough OpCo was able to limp along while insolvent even after the Transfer, the debt incurred at the time of the Transfer set the company on the path to inevitable bankruptcy …").

> and decrease in mall traffic has particularly affected mall-based retailers, such as the Debtors … The combination of the above factors, and others plaguing the retail industry as a whole, contributed to the Debtors falling short of their targeted sales and profitability performance, and contributed to increasing operational losses.

> Specifically, and stemming from an 8.3% decrease in mall traffic from 2015 through November 2016, the Debtors' sales dropped 15.6% in stores and 8.1% overall, 7.9% below the Company's projections. As a direct result, the company's EBITDA declined approximately 93% from 2015 to 2016, 95% below the company's 2016 projections.[9]

The Delaware bankruptcy court has received and considered this declaration and other evidence about the factors that led to The Limited's bankruptcy filing.[10]  For example, the Delaware bankruptcy court also approved the Disclosure Statement filed in The Limited bankruptcy, in which the Debtors detailed the "challenging commercial environment over the last several years, brought on by increased competition, … the shift away from shopping at brick and mortar stores, [and] [t]he increase in online shopping and decrease in mall traffic …," all of which are factors that will be analyzed if plaintiff's theories about the insolvency date of The Limited survive a motion to dismiss.[11]

The Delaware court has already vetted many of the facts underlying plaintiff's claims, but this case is also a related suit as a matter of law. Indeed, the Eleventh Circuit has held that "a civil proceeding is 'related to' a [bankruptcy] proceeding if the outcome of [the] proceeding

---

[9] Ex. N, *In re LSC Wind Down, LLC, et al.*, No. 17-10124, Declaration of Timothy D. Boates of Limited Stores Company, LLC, in upport of Debtors' Chapter 11 Petitions and First Day Motions (Doc. 12, filed Jan. 17, 2017) at ¶¶ 26–27.

[10] *See, e.g.,* Ex. O, *In re LSC Wind Down, LLC, et al.*, No. 17-10124, Declaration of Durc Savini in support of Debtors' Sale Motion (Doc. 13-4, filed Jan. 17, 2017) at ¶¶ 4–7; Ex. P, *In re LSC Wind Down, LLC, et al.*, No. 17-10124, Transcript of First-Day Motions (Doc. 74, filed Jan. 19, 2017) at 7:1–20; Ex. Q, *In re LSC Wind Down, LLC, et al.*, No. 17-10124, Declaration of Timothy D. Boates in support of Second Modified Joint Chapter 11 Plan of Liquidation (Doc. 703, filed Dec. 18, 2017) at 4–5.

[11] *See* Ex. I to the Motion, *In re LSC Wind Down, LLC, et al.*, No. 17-10124, Disclosure Statement With Respect to Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC f/k/a Limited Stores Company, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Doc. 525, filed Aug. 16, 2017) at 12. Plaintiff's speculative argument that this case should be retained in the Southern District of Florida due to the potential retirement in August of the judge presiding over The Limited bankruptcy should be rejected. As an initial matter, plaintiff is unable to predict what effect the judge's retirement, if it does indeed occur, will have on that court and on The Limited bankruptcy. And, more importantly, the judge is not planning to retire until August 2019, leaving that court with ample time to dispose of this case.

could conceivably have any effect on the estate being administered in bankruptcy." *Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1336 (11th Cir. 2017). Plaintiff cannot reasonably contend that the outcome of this case will have no effect upon The Limited bankruptcy estate—its entire purpose for bringing this suit is to recover moneys on behalf of that estate.[12]  Efficiency dictates that the lawsuit be transferred to the home court.

        C.      *The Trustee's choice of forum is entitled to minimal weight.*

 Despite plaintiff's reliance on non-bankruptcy cases to argue that forum shopping can be perfectly acceptable,[13] blatant forum shopping (as in this case) is almost never well-received in the context of bankruptcy proceedings.  In fact, multiple bankruptcy courts have recognized that "courts evaluating 'the interest of justice' are well-advised to consider whether the debtor has been engaging in forum-shopping, and to transfer the case if that is what they conclude is going on." *In re Lazaro*, 128 B.R. 168, 174 (Bankr. W.D. Tex. 1991). *Accord In re Jordan*, 313 B.R. 242, 258 (Bankr. W.D. Tenn. 2004) (rev'd on other grounds). *See also Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 18 (S.D.N.Y. 2002) ("Courts should give 'diminishing deference' to a plaintiff's choice of a non-home forum 'to the extent that it was motivated by tactical advantage,' such as forum shopping."); *Credit Suisse AG v. Appaloosa Inv. Ltd. P'Ship I*, No. 15-cv-3474, 2015 U.S. Dist. LEXIS 120020, at *29 (S.D.N.Y. Sept. 9, 2015) ("Courts generally do not reward forum shopping"); *In re EB Cap. Mgmt. LLC, No. 11-12646 (MG)*, 2011 Bankr. LEXIS 2764, at *15 (Bankr. S.D.N.Y. July 14, 2011).

      Further, and as detailed in Sun Capital's opening brief, the deference ordinarily afforded to a plaintiff's choice of forum is eviscerated when the chosen forum is not the plaintiff's home forum. *Morrissey v. Subaru of Am., Inc.*, No 1:15-cv-21106-KMM, 2015 U.S. Dist. LEXIS 173401, at *6 (S.D. Fla. Dec. 31, 2015).  Although plaintiff claims that *Morrissey* (and similar cases) are irrelevant because it could not have brought this case in its home forum of Missouri, two undisputed facts mandate that plaintiff's forum choice be given little deference.  First, this case could—and should—have been filed in the "home court" of The Limited bankruptcy. And,

---

[12] Compl. at ¶¶ 5–6 (alleging that the Trustee is acting "as a post-confirmation representative of the bankruptcy estate" in order to recover "for the benefit of creditors").

[13] Plaintiff cites *Ferens v. John Deere Co.* in support of its argument that it should be allowed to forum shop this case. As is apparent from plaintiff's quoted text, *Ferens* has been recognized by other courts as endorsing such forum-shopping when conducted between "places of equal convenience," which is not the case here. Opp. at 9 (quoting *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 528 (1990).

second (as discussed further below), the Delaware bankruptcy court is the home forum of more than half of the creditors on whose behalf plaintiff has filed suit.

D.     *The case involves issues of local interest to the Delaware bankruptcy court.*

Contrary to plaintiff's assertion that Delaware has no interest in this dispute, any outcome in this litigation will have an undisputed effect on The Limited's estate, which the Delaware bankruptcy court has been charged with administering.  As the Delaware bankruptcy court itself has recognized, where a plaintiff/trustee is "seeking avoidance of the transfers for the benefit of creditors (who have filed thousands of claims in these cases) all across the country[,] … *the forum for the bankruptcy cases … has an interest in ensuring that the aim of the Bankruptcy Code—the orderly and equitable distribution of the estate to creditors—is met*." *Zazzali v. 1031 Exch. Group (In re DBSI, Inc.)*, 478 B.R. 192, 198 (Bankr. Del. 2012).

## II.     This Case Should be Transferred to the Bankruptcy Court for the Convenience of the Parties and Witnesses.

A.     *Plaintiff ignores the locations of the 121 creditors on whose behalf it is suing.*

Having disregarded the "home court presumption," plaintiff similarly ignores the locations of the real parties-in-interest in its convenience analysis.  To be sure, plaintiff does acknowledge that "three of [the four Defendants] are Delaware entities,"[14] but erroneously argues that its own location is determinative to the Court's venue analysis.[15] To that end, plaintiff cites *In re Manton* to support its assertion that plaintiff's venue should control. *First Bank of Dalton v. Manton Family P'ship, LLLP (In re Manton)*, 585 B.R. 630 (Bankr. N.D. Ga. 2018). But that case does not include a word about venue, residence, or location. Plaintiff is simply wrong—the location of the parties in interest, *i.e.,* the creditors on whose behalf plaintiff has filed suit, is the critical question.

In its Opposition, plaintiff admits that "the Debtors' creditors became [the] beneficiaries" of the liquidating trust and that the liquidating trust was established "for the benefit of [those] Trust beneficiaries."[16] However, plaintiff argues that it "does not bring this action on behalf of the 121 unsecured creditors" and halfheartedly attempts to distinguish its 544(b) claims as "not

---

[14] Pl.'s Opp. at 5.
[15] *Id.* at 5–6.
[16] Pl.'s Opp. at 4–5.

… creditor claims, but rather, estate claims."[17] This distinction is immaterial and, more importantly, incorrect. Indeed, the Fifth Circuit clarified the nature of a Trustee's powers under Section 544(b) in *Carlton v. Baww, Inc.*:

> The [Bankruptcy] Code … gives the trustee a series of avoidance powers through which he can recapture property of the estate. Among these is section 544(b) which allows the trustee, ***as statutory successor to the debtor's creditors***, to void fraudulent conveyances to the extent permitted by applicable non-bankruptcy law.

*Carlton v. Baww, Inc.*, 751 F.2d 781, 785–86 (5th Cir. 1985) (emphasis added). *See also In re Equip. Acquisition Res., Inc.*, 742 F.3d 743, 746 (7th Cir. 2014) ("the trustee stands in the shoes of an actual unsecured creditor") (citing COLLIER ON BANKRUPTCY); *Pergament v. Yerushalmi (In re Yerushalmi)*, 440 B.R. 24, 26 (E.D.N.Y. 2010) ("11 U.S.C. § 544(b)(1) … permits a trustee to assert state law claims **on behalf of creditors**.") (emphasis added); *Wayne Film Sys. Corp. v. Film Recovery Sys. Corp.*, 64 B.R. 45, 51 (N.D. Ill. 1986) ("A fraudulent transfer case against a third-party defendant can also be pursued by a trustee **on behalf of creditors** under § 544(b).") (emphasis added).

As the Fifth Circuit has held, plaintiff is bringing this suit "as statutory successor to the … creditors under section … 544(b)." *See* 28 U.S.C. § 1409(c). Accordingly, Section 1409, the venue provision governing this lawsuit, specifies that venue lies in either the home court (under Section 1409(a)), or "in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the … creditors … may have commenced an action." *Id.* (emphasis supplied). Given Section 1409(c)'s designation of the creditors as the critical parties for venue purposes, both a leading treatise and at least one court have recognized that "[u]nder § 1409(c), when the trustee brings suit as successor to the creditors, the residences of the trustee and debtor are irrelevant; ***the appropriate residence to be considered is that of the 'creditors.'***" *Giuliano v. CDSI I Holding Co.*, No. 13-2776, 2014 U.S. Dist. LEXIS 34611, at *8–9 n. 20 (E.D. Pa. Mar. 17, 2014), *quoting* 1 COLLIER ON BANKRUPTCY ¶ 4.03. The Trustee's residence is immaterial; what matters under Section 1409 are the

---

[17] *Id.* at 6.

residences of the 121 creditors on whose behalf the Trustee sues. And, of those 121 creditors, 63 are entities incorporated in Delaware.[18]

As a result, the significant information relating to the 121 creditors' residences that is provided in Sun Capital's opening brief—which plaintiff does not dispute in its Opposition—is highly relevant to the Court's analysis, disproves plaintiff's claim that "this case … does not include a single resident of the transferee state as a party or witness,"[19] and (taken together with the "interest of justice" factors) all but compels the transfer of this case to Delaware, where the vast majority of the parties reside.

B.      *The witnesses in this case live significantly closer on average to Wilmington, Delaware than to West Palm Beach, Florida.*

Plaintiff concedes in its Opposition that Delaware is, at minimum, "marginally closer" than this Court for the witnesses in this case.[20]  Plaintiff's concession is, again, understated; as noted in Sun Capital's opening brief, the Delaware Court is 25% closer than this Court for the potential witnesses in this case. As for its bewildering contention that "Wilmington does not have a convenient airport," Wilmington is less than 22 miles from the Philadelphia International Airport and only 81 miles from Baltimore-Washington International Airport, making it closer, on average, to those two airports than this Court is to the airports in Fort Lauderdale and Miami.[21]

More importantly, however, plaintiff's analysis of alleged resident witnesses fails to acknowledge that only one witness—Mr. T. Scott King—resides in this district, and he has already declared his willingness to appear in the Delaware bankruptcy court.[22] Mr. Greg Baker, the other Florida witness upon whom plaintiff relies for its contention that there are more witnesses available in South Florida, is not actually a resident of this district, but, instead, of the Middle District of Florida, making him as "unavailable to testify" in this district as any other witness save for Mr. King. *See Zazzali*, 478 B.R. at 196 ("The convenience of witnesses is considered only to the extent that witnesses are actually unavailable to testify in one of the venues."). In the end, there is one witness available to testify in either forum—Mr. King—who

---

[18] Ex. J to the Motion, Declaration of M. McCutcheon at ¶ 4.

[19] Pl.'s Opp. at 2.

[20] *Id.* at 18.

[21] *Id.* at 18, contending that this District has two airports. The two largest airports in this District, Fort Lauderdale-Hollywood International Airport and Miami International Airport, are 51 and 73 miles from this Court, respectively.

[22] Ex. M to the Motion, Declaration of T. Scott King, ¶ 4.

is both available to this Court under subpoena power and has declared his willingness to testify in Delaware. Because Delaware is by far the closer forum for all other potential witnesses, this case should be transferred there not only in the interest of justice but also for the convenience of the parties and witnesses.

## CONCLUSION

As demonstrated above, the Delaware bankruptcy court is the better court to hear this case both because it is the more convenient court for the majority of the parties and witnesses and, more importantly, because transfer to the Delaware bankruptcy court is more economical and efficient for the administration of The Limited estate. This Court should transfer this case to the United States District Court for the District of Delaware, which will in turn refer it to the United States Bankruptcy Court for the District of Delaware.

Respectfully submitted,

**BAKER & McKENZIE LLP**
*Attorneys for Defendants*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

By: /s/ Jodi A. Avila_____
Jodi A. Avila
Florida Bar No. 102787
jodi.avila@bakermckenzie.com

**BAKER MCKENZIE, LLP**
300 East Randolph Street #5000
Chicago, Illinois 60601
(312) 861-8000
Michael A. Duffy
michael.duffy@bakermckenzie.com
(*pro hac vice*)
Michael C. McCutcheon
michael.mccutcheon@bakermckenzie.com
(*pro hac vice*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2019, a true and correct copy of the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

By:  /s/ Jodi A. Avila
Jodi A. Avila

<u>SERVICE LIST</u>

**Case No. 9:19-cv-80074-Rosenberg/Reinhart**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

UMB BANK, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust,

v.

SUN CAPITAL PARTNERS V, LP; SUN MOD FASHIONS IV, LLC;
SUN MOD FASHIONS V, LLC; and H.I.G. SUN PARTNERS, LLC,

Kenneth Dante Murena, Esq.
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, Florida 33131
(305) 371-3960 (Telephone)
(305) 371-3965 (Facsimile)
kmurena@dvllp.com

Eric D. Madden
Gregory S. Schwegmann
Michael Yoder
Reid Collins &Tsai LLP
1601 Elm Street
42nd Floor
Dallas, Texas 75201
(214) 420-8900 (Telephone)
(214) 420-8909 (Facsimile)
emadden@rctlegal.com
gschwegmann@rctlegal.com
myoder@rctlegal.com

*Counsel for UMB Bank N.A., as Plan Trustee
of The Limited Creditors' Liquidating Trust*

443375-v7\HOUDMS