# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:19-CV-80074-ROSENBERG/REINART

UMB BANK, N.A., as Plan Trustee

    Plaintiff,

v.

SUN CAPITAL PARTNERS V, LP,
et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer Venue [DE 20]. The Motion has been fully briefed. In light of the substantial connection that this case has with the District of Delaware, the Motion is granted as more fully described below.

This is a case about The Limited, a retail store focused on women's clothing. DE 1. Plaintiff alleges that certain corporate officers at The Limited fraudulently transferred millions of dollars out of The Limited's cash reserves. *Id.* That transfer, Plaintiff alleges, rendered the store insolvent, culminating in the store's filing for bankruptcy in 2017. *Id.* Plaintiff filed this suit under the Bankruptcy Code, 11 U.S.C. § 544(b), to recover the transferred funds. *Id.*

Defendants argue that this case should be transferred to the District of Delaware—the district where The Limited sought bankruptcy protection. Defendants' request is premised on 28 U.S.C. § 1412.[1] Section 1412 reads as follows:

---

[1] Defendants also seek, in the alternative, a convenience transfer under Section 1412 and Section 1404. For the reasons set forth below, the Court need not decide whether to transfer this action for convenience. *E.g.,* 28 U.S.C. § 1412 (stating that a district court may transfer an action "in the interest of justice **or** for the convenience of the parties.") (emphasis added); *In re Terry Mfg. Co. Inc.*, 323 B.R. 507, 509 (Bankr. M.D. Ala. 2005).

>A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Section 1412 transfers are subject to the broad discretion of this Court. *In re Steeley*, 243 B.R. 421, 439 (Bankr. N.D. Ala. 1999). When considering transfers in the interest of justice, courts consider the following seven factors: the economics of the bankruptcy estate administration, the presumption in favor of the "home court", judicial efficiency, the plaintiff's ability to receive a fair trial, the state's interest in having controversies decided by those familiar with its laws, the enforceability of any judgment rendered, and a plaintiff's original choice of forum. *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 974 n.26 (11th Cir. 2012). The ability to receive a fair trial and the enforceability of judgments do not weigh in favor of any district. The Court considers the remaining factors in turn.

<u>The Economics of Estate Administration and the Presumption in Favor of a Home Court</u>

The Fifth Circuit has held that the most important factor for this Court to consider under Section 1412 is whether transfer would promote the economic and efficient administration of the bankruptcy estate. *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1241, 1247 (5th Cir. 1979).[2] Here, a transfer to the Delaware Bankruptcy Court, where The Limited bankruptcy is currently being administered, will result in a more efficient and economical administration of The Limited estate for the following reasons.

First, Plaintiff's trust has already commenced 81 other adversary proceedings in the Delaware Bankruptcy Court, seeking to recover money for the estate from numerous other beneficiaries of alleged preferential and fraudulent transfers. Transferring this related case to the

---

[2] Because the Fifth Circuit's *Commonwealth Oil* opinion was issued in 1979, it is controlling in this Circuit. *See, e.g., Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that all 5th Circuit opinions issued prior to October 1981 are controlling precedent in the 11th Circuit).

2

Delaware Bankruptcy Court will allow for a more consolidated approach to these adversary proceedings, with time (and, therefore, fees and costs) saved by The Limited's estate, as well as this Court. Courts have recognized that "the single most significant circumstance favoring transfer … is the existence of a related action in another district." *Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*, No. 13 Civ. 5349, 2013 U.S. Dist. LEXIS 153727, at \*16 (S.D.N.Y. Oct. 22, 2013) (quoting *Goggins v. Alliance Capital Mgmt., LP*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003)). The existence of these 81 related actions pending in the Delaware Bankruptcy Court, not to mention the bankruptcy itself, strongly weighs in favor of transfer.

Second, in precedent binding on this Court, the Fifth Circuit has recognized that "the heart of a Chapter XI proceeding is working up a financial plan of arrangement acceptable to all relevant parties" and that bankruptcy proceedings should take place where the relevant parties are present. *Commonwealth Oil*, 596 F.2d at 1247. Those relevant parties, including all 121 creditors listed in Exhibit A to the Plaintiff's Complaint, are already participating in The Limited Bankruptcy in the Delaware Bankruptcy Court.

For Plaintiff's part, Plaintiff concedes that its decision to file outside of the home Bankruptcy Court was a "relatively rare" decision. This concession comports with Collier on Bankruptcy, which states: "It will be a most unusual trustee or most unusual situation that would cause a suit under section 544(b) [as in the instant case] to be brought anywhere other than the home court." Collier on Bankruptcy, paragraph 4.03. Numerous courts have refused to retain fraudulent transfer cases brought by bankruptcy trustees in recent years, and have instead sent those cases back to the court where the bankruptcy is pending. *See, e.g.*, *Campbell v. Williams*, No. 14-CV-097, 2015 U.S. Dist. LEXIS 76213 (S.D. Tex. June 12, 2015); *Giuliano v. CDSI*

*Holding Co.*, No. 13-2776, 2014 U.S. Dist. LEXIS 34611 (E.D. Pa. Mar. 17, 2014); *Smartmatic*, 2013 U.S. Dist. LEXIS 153727; *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5 (S.D.N.Y. 2002). And while Plaintiff attempts to distinguish the Fifth Circuit authority that binds this Court—*Commonwealth Oil*—on the grounds that *Commonwealth* concerned an entire bankruptcy estate, that is an unpersuasive basis to distinguish *Commonwealth*. While the instant case concerns an adversary proceeding—not a bankruptcy estate—numerous courts consider the transfer of adversary proceedings to fall within the reasoning of *Commonwealth*. *See, e.g., Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*, 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000); *In re Butcher*, 46 B.R. 109 (Bankr. N.D. Ga. 1985). Case law applies the holding in *Commonwealth* to a transfer analysis in adversary proceedings. *E.g., LSREF2 Baron, LLC v. Aguilar*, No. 3:12-cv-1242-M, 2013 U.S. Dist. LEXIS 8657 (N.D. Tex. Jan. 18, 2013); *City of Clinton v. Pilgrim's Pride Corp.*, No. 4:09-CV-386-Y, 2009 U.S. Dist. LEXIS 117751 (N.D. Tex. Dec. 17, 2009). Finally, Plaintiff's contention that this case is not related to the Delaware bankruptcy case is also unpersuasive; the Eleventh Circuit has held that "a civil proceeding is 'related to' a [bankruptcy] proceeding if the outcome of [the] proceeding could conceivably have *any* effect on the estate being administered in bankruptcy." *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1336 (11th Cir. 2017) (emphasis added). In summary, the economics of estate administration and the presumption in favor of the home court weigh strongly in favor of transfer to Delaware.

<u>Judicial Efficiency</u>

When evaluating judicial efficiency, courts give weight to a home court's "familiarity with the substantive issues." *A.B. Real Estate v. Bruno's, Inc.*, 227 B.R. 311, 327 (Bankr. N.D.

4

Ala. 1998).  In this case, as the Bankruptcy Court is well acquainted with the facts leading up to The Limited's bankruptcy, this factor weighs in favor of transfer to Delaware.

<u>The State's Interest in Having Controversies Decided by Those Familiar with its Laws</u>

Because this case is governed by a combination of federal bankruptcy laws and a uniform state statute,[3] this factor is neutral and does not favor Delaware or Florida.

<u>Conclusion</u>

In conclusion, the only factor weighing in favor of the maintenance of this suit in Florida is that Florida is the Plaintiff's choice of forum.  *But see Credit Suisse AG v. Appaloosa Inv. Ltd. P'Ship I*, No. 15-CV-3473, 2015 U.S. Dist. LEXIS 120020, at *21 (S.D.N.Y. Sept. 9, 2015) ("Although a plaintiff's choice of forum is normally given substantial weight, it is well-established that the existence of a related action pending in a transferee court weighs heavily towards transfer."); *see also Morrissey v. Subaru of Am., Inc.*, No. 15-CV-21106-KMM, 2015 U.S. Dist. LEXIS 173401, at *6 (S.D. Fla. Dec. 31, 2015) (holding that a plaintiff's choice of forum is entitled to only minimal deference when the chosen forum is not the plaintiff's home forum) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)).  In contrast, several important factors weigh strongly in favor of transfer of this suit to Delaware: the economics of estate administration, the home court presumption, and judicial efficiency.  The Court concludes that under Section 1412, this matter should be transferred to the district of Delaware in the interest of justice.[4]

---

[3] Plaintiff's claim under the Uniform Fraudulent Transfer Act may be governed, by Plaintiff's own admission, by Ohio law which also would not weigh in favor of Florida or Delaware.  DE 1 at 19.

[4] Defendants have also moved, in the alternative, for a venue transfer for convenience which examines: the location of the parties, the ease of access to proof, the convenience of witnesses, the availability of compulsory process, and the cost of obtaining witness attendance.  *Bruno*, 227 B.R. at 325.  Upon review, these factors do not weigh strongly in favor Florida or Delaware, however, the Court need not decide whether to transfer this action on convenience grounds as the Court has determined that this matter should be transferred in the interest of justice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Transfer Venue [DE 20] is **GRANTED**.  **The Clerk of the Court is hereby directed to transfer this case to the United States District Court for the District of Delaware.  This case is closed.**

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 11th day of June, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record